DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas imposing a $7,500 fine for a money laundering conviction stemming from the embezzlement of charitable funds. For the following reasons, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "The trial court erred to the prejudice of appellant by violating her due process rights under the Fourteenth Amendment to the United States Constitution when it imposed a harsher sentence following reversal and remand from the Court of Appeals."
 {¶ 4} The facts relevant to the issue raised on appeal are as follows. On January 29, 2003, appellant was indicted on three third-degree felony counts of money laundering in violation of R.C. 1315.55 and one first-degree felony count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and (B)(1). The charges stemmed from appellant's admitted involvement in certain "Monte Carlo" charitable fundraising games at the Walbridge Ohio Armory. Appellant deposited the proceeds of the games in her personal checking account. She then wrote checks to cover certain personal expenses from this same account. Additionally, the state was prepared to give evidence to show that appellant still could not account for $500 from these funds.
 {¶ 5} Although appellant initially pled not guilty on all counts, she later agreed to plead guilty to one count of money laundering in exchange for the other counts being dismissed. The trial court accepted the guilty plea and convicted appellant. Appellant was sentenced on October 22, 2003. The trial court ordered appellant to maintain employment, have no contact with the other co-defendants, complete 400 hours of community service, obtain a GED, and pay court costs. Additionally, appellant was placed under three years of community control and three fines were imposed: $1,500 pursuant to R.C. 1315.55(B), $2,500 pursuant to R.C. 2929.18(A)(3)(c), and $2,500 pursuant to R.C. 1315.99(C). Appellant filed a timely notice of appeal on November 20, 2003.
 {¶ 6} On appeal, appellant contended her sentence was contrary to the law because it was not consistent with sentences imposed on similar offenders under similar circumstances. SeeState v. Donahue (2004), 2004-Ohio-7161, 1. Although this court rejected appellant's argument regarding consistency, it held the trial court had misapplied R.C. 1315.99(C) with regard to the $2,500 fine. Id. at 2. Where a fine is to be imposed, R.C.1315.99(C) dictates that fine must be "a fine of seven thousand five hundred dollars or twice the value of the property involved,whichever is greater." (Emphasis added). Therefore, this court held that if a fine was to be imposed at all, the statute mandated the fine be $7,500 since the property value was only $500. Id. at 2. The case was remanded back to the trial court for resentencing.
 {¶ 7} On remand, the trial court reduced the fines under R.C.1315.55(B) and R.C. 2929.18(A)(3)(c) to zero and imposed a $7,500 fine pursuant to R.C. 1315.99(C). This rendered an increase in appellant's total fines from $6,500 to $7,500. Appellant subsequently filed this timely appeal.
 {¶ 8} In her only assignment of error, appellant asserts her due process rights under the Fourteenth Amendment of the United States Constitution were violated by the trial court's imposition of the $7,500 fine. In support of this contention, appellant relies heavily on the United States Supreme Court's decision inNorth Carolina v. Pearce (1969), 395 U.S. 711, and its progeny. This reliance is unfounded given that Pearce was overruled by the United States Supreme Court's decision in Alabama v. Smith
(1989), 490 U.S. 794, 795.
 {¶ 9} Under Pearce and its progeny, whenever a court imposed a harsher sentence after a successful appeal a presumption of judicial vindictiveness was automatically triggered. Pearce, supra, at 726. Where a harsher sentence was imposed, the trial court was required to affirmatively state its reasons for doing so. Id. Additionally under Pearce, a court was required to consider events occurring subsequent to the first trial that shed light on the defendants "life, health, habits, conduct, and mental and moral propensities." Id. at 723 (quotingWilliams v. New York (1949), 373 U.S. 241, 245).
 {¶ 10} The sweeping nature of the Pearce rule was first questioned in United States v. Goodwin (1982), 457 U.S. 368. The Goodwin court recognized the difficulty of proving the motivation behind a sentence, and held the presumption of judicial vindictiveness should only be applied in cases where "a reasonable likelihood of vindictiveness exists." Id. at 373. Further, in Wasman v. United States (1984), 468 U.S. 559, the United States Supreme Court recognized several situations wherePearce would not apply and indicated that judicial vindictiveness, not a harsher sentence, was the true "evil" to be addressed. See Id. at 566-569; see also Texas v. McCulloch
(1986), 475 U.S. 134, 137-138.
 {¶ 11} Finally, the Supreme Court addressed the presumption of judicial vindictiveness again in Alabama v. Smith. The court reiterated that the Pearce rule was too sweeping and reaffirmed its significant narrowing of the rule in McCulloch. The court then combined the rules in Goodwin, McCulloch, and Wasman to state, "[W]e have limited [the Pearce rule's] application * * * to circumstances where its objectives are thought most efficaciously served[.] * * * Such circumstances are those in which there is a `reasonable likelihood,' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to proveactual vindictiveness." Alabama, supra, at 799 (Emphasis added and citations omitted). The court then suggested some situations where vindictiveness would not exist including where the resentencing followed successful appeal after a guilty plea; where the defendant's conduct at trial provided insight into his moral character; and where the conditions for granting leniency are no longer present due to defendant's subsequent behavior. Id. at 801.
 {¶ 12} It is clear from the motion filed below that appellant had been fully compliant with the trial court's original sentence. She was completing her community service in a timely manner, had maintained employment, was working towards paying the fines and court costs, and doing everything else the court had ordered. Yet at her resentencing, her total fine was increased by $1,000. At first blush, this seems an unfair and vindictive result given her good behavior. However, the trial court was within its discretion to impose the $7,500 fine without vacating the other two fines. Doing so would have resulted in a total of $11,500 in fines and may have given rise to a "reasonable likelihood" of vindictiveness.
 {¶ 13} The trial court did not do this. Instead, the court noted appellant's good behavior and vacated the other two fines while imposing the $7,500 fine instead. This action, although it was not the outcome hoped for by appellant, nevertheless dispels any appearance of vindictiveness by the court. Further, where the "reasonable likelihood" of judicial vindictiveness has been dispelled by the court's actions, appellant must prove actual vindictiveness. Appellant has not done that. She points to nothing in the conduct of the court below that would indicate vindictiveness other than her increased sentence. As established above, this evidence is insufficient to support her contention.
 {¶ 14} We further note, a trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless an abuse of discretion has occurred.State v. Yontz (1986), 33 Ohio App.3d 342, 343. An abuse of discretion connotes more than an error of law or judgment; it implies the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Therefore, when a defendant receives a sentence falling within the statutory scheme, there has not been an abuse. Statev. Cassidy (1984), 21 Ohio App.3d 100, 102. Here, appellant's sentence falls within the statutory scheme and is in harmony with this court's prior order. Based on the foregoing, appellant's assignment of error is not well-taken.
 {¶ 15} On consideration whereof, this court finds appellant was not prejudiced and the judgment of the Wood County Court of Common Pleas affirmed in all respects. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Parish, J., Singer, J., Concur.