OPINION
{¶ 1} Defendant-Appellant, Marcus L. Troglin, appeals the judgment of the Union County Court of Common Pleas, sentencing him to more than the minimum prison terms, consecutive prison terms, and ordering him to pay restitution, fines, and court costs. On appeal, Troglin asserts that the trial court erred in imposing a sentence greater than the statutory maximum; that the trial court erred by utilizing secret out of court testimony in sentencing him; that the trial court erred in sentencing him to an increased prison term; that the trial court erred in assigning court costs and excessive fines; and, that the trial court lacked jurisdiction to resentence him. Based on the following, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 {¶ 2} In February 2004, the Union County Grand Jury indicted Troglin for one count of felonious assault in violation of R.C. 2903.11(A), a felony of the second degree; one count of child endangering in violation of R.C. 2919.22(A), a felony of the third degree; and, one count of child endangering in violation of R.C. 2919.22(B)(1), a felony of the third degree. All counts of the indictment arose from an incident whereby Troglin physically abused his then seven-month old son.
 {¶ 3} In September 2004, a jury convicted Troglin on all three counts of the indictment. Subsequently, the trial court sentenced Troglin to a seven-year prison term on the felonious assault conviction and to a four-year term on each of *Page 3 
the endangering children convictions, (hereinafter referred to as "endangering convictions") with the endangering sentences to be served concurrently to each other but consecutive to the felonious assault sentence. Additionally, the trial court ordered Troglin to pay costs, restitution in the amount of $51,608.22 for the victim's medical care, a $20,000 fine for the felonious assault conviction, and a $10,000 fine for each of the endangering convictions. A transcript from the sentencing hearing indicates that the trial court made specific references to Troglin's prior juvenile and criminal records provided in the presentence investigation report (hereinafter referred to as "PSI") in determining Troglin's sentence.
 {¶ 4} In October 2004, Troglin appealed his conviction and sentence.
 {¶ 5} In December 2004, Troglin's counsel moved to withdraw from the case because Troglin's family could no longer afford to pay him to represent Troglin.
 {¶ 6} In April 2005, the trial court appointed appellate counsel to represent Troglin.
 {¶ 7} In August 2005, while his direct appeal was pending, Troglin filed a pro se petition for post-conviction relief.
 {¶ 8} On December 2, 2005, the trial court denied Troglin's petition for post-conviction relief. Also, on December 12, 2005, we decided Troglin's direct *Page 4 
appeal and reversed and remanded the trial court's sentence insofar as the second count of the indictment of endangering in violation of R.C.2919.22(B)(1), should have been classified as a second-degree felony instead of a third-degree felony, but affirmed all other aspects of Troglin's appeal. In doing so, we found that, while the typographical error in the indictment did not render the indictment invalid, the trial court erred in sentencing him for a third-degree felony on that offense and provided that "we must reverse the sentencing of the trial court as to the sentence imposed on Troglin's violation of R.C. 2919.22(B)(1)." See State v. Troglin, 3d Dist. No. 14-04-41, 2005-Ohio-6562, ¶ 54
(hereinafter referred to as "Troglin I "). On December 16, 2005, Troglin appealed from the trial court's denial of his petition for post-conviction relief.
 {¶ 9} In March 2006, Troglin filed a pro se request for the trial court judge to recuse himself and filed an affidavit in support of his request with the clerk of courts for the Union County Court of Common Pleas.
 {¶ 10} In June 2006, we affirmed the trial court's denial of Troglin's August 2005 petition for post-conviction relief. See State v.Troglin, 3d Dist. No. 14-05-56, 2006-Ohio-2791. Subsequently, Troglin moved under Civ.R. 60(B) to vacate his sentence pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, which the trial court never ruled upon. *Page 5 
 {¶ 11} In November 2006, on remand from Troglin I, the trial court[1] conducted a resentencing hearing, where it allowed both Troglin and his counsel to speak before sentencing Troglin. Also, the trial court noted that it had "considered the oral statements, victim impact statement, and reread the [PSI]." (Nov. 2006 Tr., p. 11). Additionally, the trial court ordered Troglin to pay the costs of prosecution, restitution, and fines, finding that Troglin was "in fact a young person and that [he has] the potential after [he is] released of — that [he has] — [he doesn't] have a physical problem or a mental problem that would prevent [him] from — from generating income." (Nov. 2006 Tr., p. 12). Subsequently, the trial court issued its judgment entry, wherein it provided that it had considered "the record, oral statements, the victim impact statement and [PSI], as well as the principles and purposes of sentencing," and resentenced Troglin to a seven-year prison term for the felonious assault conviction and to a four-year prison term on each of the endangering convictions, with "all three convictions and their sentences to be served consecutive to each other." (Nov. 2006 Judgment Entry, pp. 1-2). Additionally, the trial court ordered Troglin to pay costs, restitution in the amount of $51,608.22, a $20,000 fine for the felonious assault conviction, and a $10,000 fine for each of the endangering convictions. *Page 6 
 {¶ 12} It is from this judgment that Troglin appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED WHEN IT SUBJECTED DEFENDANT TO A SENTENCE GREATER THAN THE STATUTORY MAXIMUM BASED UPON A PREPONDERANCE OF EVIDENCE.
 Assignment of Error No. II THE TRIAL COURT ERRED WHEN IT UTILIZED SECRET OUT OF COURT TESTIMONY TO DETERMINE DEFENDANT'S SENTENCE.
 Assignment of Error No. III THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT TO AN INCREASED TERM.
 Assignment of Error No. IV TRIAL COURT ERRED WHEN IT ASSIGNED COURT COSTS AND EXCESSIVE FINES TO DEFENDANT CONTRARY TO ORC 2929.19(B)(4) AND ORC 2929.18(B)(1) AS WELL AS A VIOLATION OF THE CONSTITUTIONAL PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT.
 Assignment of Error No. V TRIAL COURT DID NOT HAVE JURISDICTION TO RESENTENCE DEFENDANT.
 {¶ 13} Due to the nature of Troglin's assignments of error, we elect to address them out of order. Additionally, we note at the outset that, in Troglin I, *Page 7 
we reversed and remanded for resentencing only that portion of Troglin's September 2004 sentence in which he was sentenced for a third degree felony, instead of a second degree felony, on the R.C. 2919.22(B)(1) endangering conviction. Thus, the trial court lacked the authority to resentence Troglin on his felonious assault conviction, his third degree felony endangering conviction, the fines regarding the felonious assault and third degree felony endangering convictions, and restitution. SeeState v. Evans, 113 Ohio St.3d 100, 2007-Ohio-861; State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245. Accordingly, we only address Troglin's November 2006 resentencing regarding his second degree felony endangering conviction.
 Assignment of Error No. V {¶ 14} In his fifth assignment of error, Troglin asserts that the trial court lacked jurisdiction to resentence him. Specifically, Troglin contends that, because the trial court did not rule upon his March 2006 request for recusal of the trial court judge, the trial court lacked jurisdiction to resentence him in November 2006 under R.C. 2701.031. We disagree.
 {¶ 15} R.C. 2701.03 governs disqualification of common pleas court judges and provides that any party seeking disqualification of a judge may file an affidavit of disqualification with the clerk of the supreme court. R.C. 2701.03(A). *Page 8 
 {¶ 16} Here, Troglin failed to file his affidavit of disqualification with the clerk of the supreme court as required under R.C. 2701.03(A). Instead, Troglin filed his affidavit with the clerk of the Union County Court of Common Pleas, as would be required when seeking disqualification of a municipal or county court judge under R.C.2701.031(A), not a common pleas court judge. Thus, because Troglin failed to comply with the requirements of R.C. 2701.03(A), we find that his improper filing of the motion did not deprive the trial court of jurisdiction to resentence Troglin.
 {¶ 17} Accordingly, we overrule Troglin's fifth assignment of error.Assignment of Error No. III
 {¶ 18} In his third assignment of error, Troglin asserts that the trial court erred in sentencing him to an increased term. Specifically, Troglin contends that the trial court erred in ordering that his sentence for the second degree felony endangering conviction be served consecutively to the remainder of his sentence. We agree.
 {¶ 19} The United States Supreme Court held that a trial court violates the Due Process Clause of the Fourteenth Amendment under the U.S. Constitution when it imposes a harsher sentence motivated by vindictive retaliation. North Carolina v. Pearce (1969), 395 U.S. 711,725. A presumption of vindictiveness arises when the same judge imposes a harsher sentence following a successful *Page 9 
appeal. Id. at 724; State v. Wagner, 3d Dist. No. 14-06-30,2006-Ohio-6855, ¶ 8. "In order to overcome the presumption, the trial court must make affirmative findings on the record regarding conduct or events that occurred or were discovered after the original sentencing."State v. Anderson, 151 Ohio App.3d 422, 2003-Ohio-429, ¶ 7, citingPearce, 395 U.S. at 726 and Wasman v. United States (1984),468 U.S. 559. Thus, a trial court may impose an enhanced sentence on remand, but it must demonstrate that it was not motivated by vindictiveness toward the defendant for exercising his rights. Pearce, 395 U.S. at 726.
 {¶ 20} It is implicit in sentencing or resentencing that, along with determining the number of years of a prison term, a sentencing court also has the authority to order the prison term to be served either concurrently or consecutively to other sentences in a multi-count conviction. See, e.g. State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, ¶ 9; State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. In the context of resentencing, "when one or more counts of a multi-count conviction are vacated and remanded, a court does not violate the principles of Pearce as long as the aggregate length of the new sentence does not exceed the total length of the original sentence."State v. Nelloms (2001), 144 Ohio App.3d 1, 7, appeal not allowed byState v. Nelloms (2001), 93 Ohio St.3d 1428; see also State v.Pearson (1998), 130 Ohio App.3d 577, 586 (implying that order of *Page 10 
consecutive sentences on remand without justification violatedPearce where original sentence ordered concurrent sentences).
 {¶ 21} Notably, following Foster, which held that trial courts are no longer required to make findings of facts before imposing sentences within the statutory guidelines or ordering consecutive sentences, the principles of Pearce still apply regarding harsher sentences imposed on remand following a successful appeal. State v. Davis, 2nd Dist. No. 2006 CA 69, 2007-Ohio-1030, ¶ 27, citing State v. Mitchell, 2nd Dist. No. 21020, 2006-Ohio-1602, ¶ 12. Likewise, remanding for resentencing on a conviction erroneously classified as to the level of felony does not nullify the principles of Pearce.
 {¶ 22} Here, Troglin's original September 2004 sentence consisted of a seven-year prison term for the felonious assault conviction and four-year prison terms for each of the endangering convictions, with the endangering convictions to run concurrently to each other, but consecutive to the felonious assault count, for an aggregate eleven-year prison term. When the same trial court judge resentenced Troglin on the second degree felony endangering conviction in November 2006, he again imposed a four-year prison term, but ordered it to run consecutive to the third degree felony endangering count, as well as to the first degree felonious assault conviction. Thus, Troglin's aggregate sentence was increased from eleven years to fifteen years, giving rise to a presumption of *Page 11 
vindictiveness. See Nelloms, 144 Ohio App.3d 1. A close review of the record and sentencing transcripts indicates that the trial court failed to make any affirmative findings on the record regarding conduct or events that occurred or were discovered after Troglin's original September 2004 sentencing to support the harsher sentence and overcome the presumption of vindictiveness. Thus, we find that the trial court erred by ordering Troglin's sentence on the second degree felony endangering conviction to be served consecutive to the remainder of his sentence.
 {¶ 23} Accordingly, we sustain Troglin's third assignment of error.
 Assignment of Error No. I {¶ 24} In his first assignment of error, Troglin asserts that the trial court erred in imposing a sentence greater than the statutory maximum based upon a preponderance of the evidence. Specifically, Troglin contends that State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, violated the due process and ex post facto clauses under the Ohio Constitution. We disagree.
 {¶ 25} The Foster Court addressed constitutional issues concerning felony sentencing, holding that portions of Ohio's felony sentencing framework requiring judicial findings before imposition of more than the minimum, maximum, and consecutive sentences were unconstitutional and severing those portions. Foster, 109 Ohio St.3d at ¶ 100. FollowingFoster, trial courts "are no longer required to *Page 12 
make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. Instead, "trial courts have full discretion to impose a prison sentence within the statutory range." Id. This Court has previously held that the Foster decision did not violate the due process and ex post facto clauses. See State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, ¶¶ 14-20.
 {¶ 26} Here, Troglin violated R.C. 2919.22(B)(1), a felony of the second degree, after the United States Supreme Court decidedApprendi v. New Jersey (2000), 530 U.S. 466, 490, which foreshadowed a major change in criminal sentencing law. The trial court sentenced Troglin to a four-year prison term for the second degree endangering conviction, which had a statutory sentencing range of two to eight years.[2] R.C. 2929.14(A)(2). Troglin had notice of the potential penalties for his unlawful conduct given the statutory sentencing range for a second degree felony has remained unchanged. See McGhee at ¶¶ 16, 20. Thus, for the reasons set forth in McGhee, we find that Troglin's arguments lack merit.
 {¶ 27} Accordingly, we overrule Troglin's first assignment of error.
 Assignment of Error No. II *Page 13 {¶ 28} In his second assignment of error, Troglin asserts that the trial court erred by utilizing secret out of court testimony from the PSI to determine his sentence. We disagree.
 {¶ 29} We note at the outset that Troglin did not provide a copy of the PSI. An appellant has a duty to ensure that the record necessary to evaluate the assignment of error is filed with the appellate court.State v. Williams, 73 Ohio St.3d 153, 160-61, 1995-Ohio-275; App.R. 9(B). As such, we must presume regularity in the trial court's proceedings. State v. West, 3d Dist. No. 2-06-04, 2006-Ohio-5834, ¶ 53, citing State v. Estrada (1998), 126 Ohio App.3d 553, 556 and App.R. 9(B).
 {¶ 30} Trial courts are statutorily authorized to order and use a PSI in sentencing an offender. R.C. 2951.03; State v. Steimle, 8th Dist. Nos. 82183 82184, 2003-Ohio-4816, ¶ 14. Prior to sentencing, a trial court must afford defendants and their counsel an opportunity to comment on the PSI and alleged inaccuracies in it. R.C. 2951.03(B)(2).
 {¶ 31} Here, the trial court allowed both Troglin and his counsel to speak at the November 2006 sentencing hearing, but neither of them discussed the PSI or any alleged inaccuracies or "secret testimony" in the PSI. Troglin neither identified the alleged secret testimony contained in the PSI, nor provided any evidence that the trial court relied on such testimony in imposing his sentence. *Page 14 
 {¶ 32} Additionally, while the trial court specifically referenced portions of the PSI when it originally sentenced Troglin in September 2004, the trial court made no such references to the PSI in resentencing him in November 2006. Instead, the trial court only noted that it had reread the PSI, as well as the rest of the record. To the extent Troglin asserts that the trial court improperly relied on the PSI when sentencing him in September 2004, he could have raised this issue on his direct appeal and failed to do so, and is barred from doing so now by res judicata. State v. Ybarra, 3d Dist. No. 12-05-05, 2005-Ohio-4913, ¶ 7, citing State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 33} Accordingly, we overrule Troglin's second assignment of error.Assignment of Error No. IV
 {¶ 34} In his fourth assignment of error, Troglin asserts that the trial court violated R.C. 2929.19(B)(4), R.C. 2929.18(B)(1), and the constitutional prohibition against cruel and unusual punishment by imposing court costs and excessive fines against him. Specifically, Troglin contends that the trial court failed to consider his present and future ability to pay and the fact that he is indigent when it imposed court costs, restitution, and fines against him. Additionally, Troglin argues that R.C. 2929.18 specifically prohibits the imposition of a fine where the defendant is indigent. *Page 15 
 {¶ 35} As noted above, the trial court lacked jurisdiction to resentence Troglin regarding the original amount of court costs, restitution, the fine for his felonious assault conviction, and the fine for his third degree felony endangering conviction imposed in September 2004, because he failed to challenge them in his direct appeal and we affirmed them in Troglin I. Thus, Troglin's argument regarding the order to pay the costs of his September 2004 sentencing, the $51,608.22 in restitution, the $20,000 fine for the felonious assault conviction, and the $10,000 fine for the third degree felony endangering conviction is barred by res judicata. Accordingly, we will only consider Troglin's argument with respect to the trial court's imposition of costs and the $10,000 fine for his second degree felony endangering conviction from the November 2006 resentencing.
 {¶ 36} Article I, section 9 of the Ohio Constitution provides that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." In order to constitute cruel and unusual punishment, the penalty imposed must be "so greatly disproportionate to the offense as to shock the sense of justice of the community." State v. Chaffin (1972), 30 Ohio St.2d 13, paragraph three of the syllabus.
 {¶ 37} Under R.C. 2947.23, "[i]n all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." R.C.2947.23(A)(1). Thus, a *Page 16 
court is required to impose the costs of prosecution against convicted criminal defendants, regardless of whether they are indigent. State v.Felder, 3d Dist. No. 9-04-51, 2005-Ohio-546, ¶ 6, citing State v.White, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶ 8.
 {¶ 38} Conversely, R.C. 2929.19(B)(6)[3] requires a trial court to consider the offender's present and future ability to pay before imposing a financial sanction under R.C. 2929.18. The trial court is not required to hold a hearing on the issue of financial sanctions, and there are no express factors that the court must take into consideration or make on the record. See, e.g., State v. Martin, 140 Ohio App.3d 326,338, 2000-Ohio-1942. "The record should, however, contain `evidence that the trial court considered the offender's present and future ability to pay before imposing the sanction.'" State v. Culver,160 Ohio App.3d 172, 186, 2005-Ohio-1359, citing State v. Robinson, 3d Dist. No. 5-04-12, 2004-Ohio-5346, at ¶ 17. Generally, R.C. 2929.19(B)(6) is satisfied where a trial court considered a PSI, which typically contains pertinent financial information, or where the transcript demonstrates that the trial court at least considered a defendant's ability to pay.
 {¶ 39} R.C. 2929.18 authorizes a sentencing court to impose, in addition to court costs under R.C. 2947.23, a financial sanction of up to $15,000 upon a *Page 17 
defendant for a second degree felony conviction. R.C. 2929.18(A)(3)(b).
 {¶ 40} Here, Troglin argues that the trial court failed to consider his present and future ability to pay and the fact that he is indigent when it imposed the court costs and $10,000 fine for the second degree felony endangering conviction. Regarding court costs, R.C. 2947.23(A)(1) and the relevant case law clearly require a trial court to impose court costs upon a convicted criminal defendant, irrespective of whether the defendant is indigent. See State v. Felder, 3d Dist. No. 9-04-51,2005-Ohio-546, ¶ 6, citing State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, ¶ 8.
 {¶ 41} Regarding imposition of the $10,000 fine for the second degree felony endangering conviction, a review of the record indicates that the trial court considered Troglin's present and future ability to pay by noting that he was a young person and had no mental or physical problems to prevent him from generating income upon his release from prison. Moreover, the trial court indicated that it had reviewed the PSI in sentencing Troglin, which typically contains the relevant financial information. Since Troglin failed to provide a copy of the PSI, we must presume regularity in the trial court's proceedings. State v. West, 3d Dist. No. 2-06-04, 2006-Ohio-5834, ¶ 53, citing State v. Estrada (1998),126 Ohio App.3d 553, 556 and App.R. 9(B). *Page 18 
 {¶ 42} Additionally, Troglin argues that R.C. 2929.18 specifically prohibits the imposition of a fine where the defendant is indigent. Although Troglin did not identify the provision that prohibits imposition of a fine upon an indigent defendant, he was presumably relying upon R.C. 2929.18(B)(1) to support his argument. R.C.2929.18(B)(1) provides:
 (B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.
Troglin's reliance upon R.C. 2929.18(B)(1) is misplaced. R.C.2929.18(B)(1) governs imposition of mandatory fines, which are to be imposed for felony offenses committed in violation of chapters 2925, 3719, or 4729 of the Revised Code, none of which apply here. Instead, the trial court imposed the fine under R.C. 2929.18(A)(3), which was discretionary and was governed solely by R.C. 2929.19(B)(6) discussed above.
 {¶ 43} Moreover, given our finding that the trial court complied with R.C. 2947.23 and R.C. 2929.18, combined with the fact that the $10,000 fine was within the statutory guidelines for second degree felonies, we find that the trial *Page 19 
court's imposition of the $10,000 fine was not so excessive and greatly disproportionate as to shock the sense of justice of the community in violation of article I, section 9 of the Ohio Constitution. See, e.g.Ohio State Bd. of Pharmacy v. Dick's Pharmacy, 150 Ohio App.3d 343,2002-Ohio-6500, ¶ 48. Thus, we find that the trial court did not err in imposing court costs and the $10,000 fine for the second degree felony endangering conviction.
 {¶ 44} Accordingly, we overrule Troglin's fourth assignment of error.
 {¶ 45} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, regarding his first, second, fourth, and fifth assignments of error, but having found error prejudicial to the appellant herein, in the particulars assigned and argued regarding his third assignment of error, we affirm in part, reverse in part, and remand the judgment of the trial court for further proceedings consistent with this opinion. On the authority under Section3(B)(2), Article IV of the Ohio Constitution and R.C. 2953.08(G)(2)(b), we modify Troglin's sentence on the second degree felony endangering conviction to run concurrently to the remainder of his sentence, for an aggregate prison term of eleven years, and remand solely for the execution of this modified sentence.
Judgment affirmed in part, reversed in part, and cause remanded.
 PRESTON and WILLAMOWSKI, JJ., concur.
[1] The same judge presided over Troglin's original September 2004 sentencing and his November 2006 resentencing.
[2] We note that, to the extent that Troglin's argument addresses the trial court's order that his sentence for the second degree endangering conviction be served consecutively to the remainder of his sentence, his argument is moot given our finding regarding his third assignment of error.
[3] We note that Troglin incorrectly cited R.C. 2929.19(B)(4) to support his argument, instead of R.C. 2929.19(B)(6). R.C. 2929.19(B)(4) involves sexually violent offenses and adjudication of offenders as sexually violent predators. *Page 1