[Cite as *State v. Troglin*, 2009-Ohio-5276.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 14-09-04

    v.

MARCUS TROGLIN,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 04CR23

Judgment Affirmed in Part and Reversed in Part

Date of Decision: October 5, 2009

APPEARANCES:

    *Joshua A. Peistrup* for Appellant

    *David W. Phillips, III* for Appellee

**SHAW, J.**

{¶1} The appellant, Marcus L. Troglin, appeals the January 27, 2009 judgment entry of the Common Pleas Court of Union County, Ohio, sentencing him to an aggregate sentence of eleven years in prison, a total fine of $40,000.00, to pay the cost of prosecution, including $500.00 toward the cost of indigent counsel, to pay restitution, and to pay for his stay in the local jail.

{¶2} The facts relevant to this appeal are as follows. In February 2004, the Union County Grand Jury indicted Troglin for one count of felonious assault in violation of R.C. 2903.11(A), a felony of the second degree; one count of endangering children in violation of R.C. 2919.22(A), a felony of the third degree; and one count of endangering children in violation of R.C. 2919.22(B)(1), a felony of the third degree. All counts of the indictment arose from an incident wherein Troglin physically abused his then seven-month-old son.

{¶3} In September 2004, a jury convicted Troglin on all three counts of the indictment. Subsequently, the trial court sentenced Troglin to a seven-year prison term on the felonious assault conviction and to a four-year term on each of the endangering children convictions, with the endangering children sentences to be served concurrently to each other but consecutive to the felonious assault sentence, for an aggregate sentence of eleven years. The court also determined that Troglin had 40 days of jail time credit to be applied to this sentence.

Additionally, the trial court ordered Troglin to pay costs, restitution for the victim's medical care, a $20,000 fine for the felonious assault conviction, and a $10,000 fine for each of the endangering children convictions.

{¶4} In October 2004, Troglin appealed his conviction and sentence. In August 2005, while his direct appeal was pending, Troglin filed a pro se petition for post-conviction relief. On December 2, 2005, the trial court denied Troglin's petition for post-conviction relief. Also, on December 12, 2005, we decided Troglin's direct appeal and reversed and remanded the trial court's sentence insofar as the second count of the indictment of endangering children in violation of R.C. 2919.22(B)(1) should have been classified as a second-degree felony instead of a third-degree felony. See *State v. Troglin*, 3rd Dist. No. 14-04-41, 2005-Ohio-6562. However, all other aspects of Troglin's first appeal were affirmed. *Id*. In doing so, we found that, while the typographical error in the indictment did not render the indictment invalid, the trial court erred in sentencing him for a third-degree felony on that offense and provided that "we must reverse the sentencing of the trial court as to the sentence imposed on Troglin's violation of R.C. 2919 .22(B)(1)." *Id*. at ¶ 54. (hereinafter referred to as *"Troglin I"* ).

{¶5} On December 16, 2005, Troglin appealed from the trial court's denial of his petition for post-conviction relief. In June 2006, we affirmed the trial

court's denial of Troglin's August 2005 petition for post-conviction relief. See *State v. Troglin,* 3rd Dist. No. 14-05-56, 2006-Ohio-2791.

**{¶6}** In November 2006, on remand from *Troglin I*, the trial court conducted a resentencing hearing. The trial court resentenced Troglin to a seven-year prison term for the felonious assault conviction and to a four-year prison term on each of the endangering children convictions, all to be served consecutive to one another, for an aggregate sentence of fifteen years. Again, the court calculated 40 days of local jail time credit. The trial court also ordered Troglin to pay the cost of prosecution, including $500.00 towards the cost of indigent counsel, restitution, an aggregate fine of $40,000.00, and for his stay at the local jail.

**{¶7}** This sentence was also appealed. See *State v. Troglin*, 3rd Dist. No. 14-06-57, 2007-Ohio-4368 (hereinafter referred to as "*Troglin II*"). In *Troglin II*, the appellant asserted five assignments of error concerning his sentences on all three counts of the indictment. None of these assignments of error challenged the court's decision to order Troglin to pay $500.00 towards his indigent counsel fee and to pay for his stay in the local jail. *Id*.

**{¶8}** This Court did not address all of Troglin's arguments in *Troglin II*. Instead, we noted that Troglin's "argument regarding the order to pay the costs of his September 2004 sentencing, the $51,608.22 in restitution, the $20,000 fine for the felonious assault conviction, and the $10,000 fine for the third degree felony

endangering conviction was barred by res judicata[,]" because he failed to challenge them in his first direct appeal and we affirmed them in *Troglin I. Id*. at ¶ 35.

**{¶9}** After considering the issues properly before us, *Troglin II* was affirmed in part, reversed in part, and the cause remanded. *Id*. at 45. We reversed *Troglin II* solely on the trial court's decision to order all three prison sentences to be served consecutively rather than its original decision to order the two endangering children counts to be served concurrently to one another but consecutive to the felonious assault conviction. *Id*. at ¶¶ 22-23. However, rather than vacating the sentence and requiring the trial court to conduct another sentencing hearing, we elected to modify the prison sentence to its original eleven year aggregate amount and remanded it to the trial court "solely for the execution of this modified sentence[,]" pursuant to the authority granted to this Court by R.C. 2953.08(G)(2)(b). *Id*. at ¶ 45.

**{¶10}** Despite this order, the trial court conducted another sentencing hearing on January 27, 2009. Troglin was present at this hearing, having been conveyed from the Department of Rehabilitation and Correction to the local jail pursuant to an order issued by the trial court. The court then re-issued all of its prior orders, with the exception of modifying the one count of endangering children to be served concurrently with the other count of endangering children.

The trial court also re-calculated the time previously served by Troglin, including 41 days of local jail time credit (the additional day was added for the day he spent at the local jail for the January 27, 2009 hearing). This appeal followed, and Troglin now asserts two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED BY ORDERING THE DEFENDANT-APPELLANT TO PAY $500.00 FOR THE COSTS OF PROVIDING INDIGENT COUNSEL.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN ORDERING THE DEFENDANT-APPELLANT TO PAY FOR HIS STAY AT TRI-COUNTY JAIL UNDER R.C. 2929.19(B)(7).**

{¶11} We elect to address these assignments of error together.

{¶12} Troglin now maintains that the trial court erred in ordering him to pay $500.00 for the cost of indigent counsel without first determining whether he had the current or future ability to pay for indigent counsel in violation of R.C. 2941.51(D). He also contends that the trial court erred in requiring him to pay for the 41 days he stayed in the local jail ("Tri-County Jail") in violation of the mandates of R.C. 2929.19(B)(7). Notably, Troglin did not raise these issues in his previous appeal.

{¶13} The Ohio Supreme Court has previously held that "[u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant

who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant * * * on an appeal* from that judgment." (Emphasis added.) *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus; see also *State v. Evans,* 113 Ohio St.3d 100, 863 N.E. 2d 113, 2007-Ohio-861; *State v. Saxon,* 109 Ohio St.3d 176, 846 N.E. 2d 824, 2006-Ohio-1245.

{¶14} As previously noted, we applied the doctrine of res judicata in *Troglin II* to those parts of his sentence that he failed to challenge in *Troglin I. Troglin II*, 2007-Ohio-4368, at ¶ 35. Similarly, in *Troglin II*, the appellant failed to challenge the trial court's decision to assess him $500.00 for indigent counsel fees and for the cost of his local incarceration. Having failed to raise these issues in *Troglin II*, these assignments of error are barred by res judicata. Furthermore, the sole purpose of remand in *Troglin II* was not to *resentence* the appellant, but to simply *execute* this Court's modification of his sentence regarding concurrent sentences on the endangering children counts. Therefore, these issues have not been somehow renewed by the filing of the January 27, 2009 judgment entry.

{¶15} Nevertheless, Troglin was erroneously conveyed to the local jail for his January 27, 2009 hearing. Under these circumstances, the trial court did not have to hold a third sentencing hearing. Thus, there was no need to convey

Troglin to the local jail for purposes of a hearing. As such, he should not have to pay the cost incurred due to an error on the part of the trial court.

{¶16} For all of these reasons, the first assignment of error is overruled. In addition, the second assignment of error is overruled as to the first 40 days of local jail time but sustained as to the 41st day of local jail time. Accordingly, the January 27, 2009 judgment of the Common Pleas Court of Union County, Ohio, is affirmed in part, reversed in part, and the portion of judgment ordering that Troglin pay for his one day stay in the local jail (Tri-County Jail) on January 27, 2009, is vacated.

*Judgment Affirmed in Part*
*and Reversed in Part*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**