[Cite as *State v. Carnahan*, 2016-Ohio-3213.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  4-15-18

      v.

MARK D. CARNAHAN,                O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Defiance County Common Pleas Court
Trial Court No. 11CR11114

Judgment Affirmed

Date of Decision:   May 31, 2016


APPEARANCES:

    *Timothy C. Holtsberry* **for Appellant**

    *Russell R. Herman* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Mark D. Carnahan ("Carnahan"), appeals the September 1, 2015 judgment entry of sentence of the Defiance County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On April 13, 2011, the Defiance County Grand Jury indicted Carnahan on seven counts, including: Count One of aggravated burglary in violation of R.C. 2911.11(A)(1), a first-degree felony; Count Two of felonious assault in violation of R.C. 2903.11(A)(2), a first-degree felony; Counts Three and Four of assault in violation of R.C. 2903.13(A), fourth-degree felonies; Counts Five and Six of assault in violation of R.C. 2903.13(A), first-degree misdemeanors; and Count Seven of possession of cocaine in violation of R.C. 2925.03(A), (C)(4)(a), a fifth-degree felony. (Doc. No. 1).

{¶3} On April 20, 2011, Carnahan appeared for arraignment and entered pleas of not guilty. (Doc. No. 4). On September 26, 2011, Carnahan entered pleas of not guilty by reason of insanity. (Doc. No. 14). On September 27, 2011, the trial court ordered Carnahan to be evaluated for his competency to stand trial, and ordered him to the Northwest Ohio Psychiatric Hospital for evaluation. (Doc. No. 16).

{¶4} On October 7, 2011, the Defiance County Grand Jury indicted Carnahan on Count One of aggravated robbery in violation of R.C. 2911.01(B)(1),

a first-degree felony. (Doc. No. 19). Carnahan appeared for arraignment on the count from the second indictment and entered a plea of not guilty. (Doc. No. 18). Because the count contained in the second indictment arose from the same incident as the counts in the first indictment, the cases were consolidated. (*Id.*). On April 16, 2012, Carnahan entered a plea of not guilty by reason of insanity to the count contained in the second indictment. (Doc. No. 21).

{¶5} On May 31, 2012, after a hearing, the trial court concluded that Carnahan was competent to stand trial on all counts of both indictments. (Doc. No. 32). On August 6, 2012, the trial court granted Carnahan's July 26, 2012 request to be independently evaluated by a private expert regarding his mental conditions. (Doc. Nos. 35, 39). On April 13, 2013, after conceding his competency to stand trial, Carnahan withdrew his pleas of not guilty by reason of insanity. (Doc. No. 53). (*See also* Doc. No. 67).

{¶6} On October 8, 2013, Carnahan withdrew his pleas of not guilty and entered pleas of no contest with a stipulation to findings of guilt to Count One of the second indictment of aggravated robbery, Count Two of the original indictment of felonious assault, and Counts Three and Four of the original indictment of assault, and entered a plea of guilty to Count One of the original indictment of aggravated burglary. (Doc. No. 69). In exchange for his change of pleas, the State agreed to dismiss Counts Five, Six, and Seven of the original

indictment and enter a joint sentencing recommendation. (*Id.*). The trial court accepted Carnahan's pleas of no contest and plea of guilty, found him guilty, and ordered a pre-sentence investigation ("PSI"). (*Id.*).

{¶7} On November 26, 2013, the trial court sentenced Carnahan to four years in prison on Count One of the second indictment, which the trial court noted was a mandatory term, and 15 months in prison each on Counts Three and Four of the original indictment, and ordered that Carnahan serve the terms consecutively for an aggregate sentence of 78 months. (Doc. No. 73). The trial court further ordered that an 8-year prison term be reserved as to Count Two of the original indictment and that a 7-year prison term be reserved as to Count One of the original indictment, to be served consecutively for an aggregate term of 15 years if Carnahan violates his community-control sanctions. (*Id.*). The trial court dismissed Counts Five, Six, and Seven of the original indictment at the State's request. (*Id.*). The trial court filed its judgment entry of sentence on December 11, 2013. (*Id.*).

{¶8} On January 10, 2014, Carnahan appealed the trial court's December 11, 2013 sentencing entry. (Doc. No. 77). This court affirmed Carnahan's convictions in part, reversed in part, and remanded his case for resentencing after concluding that the trial court: (1) erred in determining that Carnahan's aggravated-robbery conviction carried a mandatory-prison sentence; (2) did not

make the proper findings "to overcome the presumption of prison when Carnahan was sentenced to community control for two first degree felonies"; and (3) did not include the proper R.C. 2929.14(C)(4) language in its sentencing entry to support its order of consecutive sentences. *State v. Carnahan*, 3d Dist. Defiance No. 4-14-02, 2015-Ohio-1185, ¶ 20-21, 27.

{¶9} On May 14, 2015, Carnahan, pro se, filed a motion to withdraw his guilty plea and no-contest pleas. (Doc. No. 97). On July 7, 2015, Carnahan, represented by counsel, filed a motion for judicial release. (Doc. No. 102). That same day, Carnahan appeared for re-sentencing and a hearing on his motion to withdraw his pleas. (Doc. No. 105). At the hearing, Carnahan withdrew his motion to withdraw his pleas and "reassert[ed]" his previous pleas. (Doc. No. 105); (July 7, 2015 Tr. at 4-6, 22, 32-38). In exchange for withdrawing his motion to withdraw his pleas, the State agreed to a joint sentencing recommendation. (*Id.*); (*Id.* at 6-8). The trial court accepted the parties' joint sentencing recommendation and re-sentenced Carnahan to five years in prison as to Count One of the second indictment and five years in imprison as to Count Two of the original indictment, and ordered that Carnahan serve the terms concurrently for an aggregate sentence of five years. (*Id.*); (*Id.* at 39-42). The trial court further ordered that a nine-year prison term be reserved as to Count One of the original indictment and that a 17-month prison term be reserved each as to Counts Three

and Four of the original indictment, to be served consecutively for an aggregate term of 11 years, 10 months if Carnahan violates his community-control sanctions. (*Id.*); (*Id.*). The trial court also granted Carnahan's motion for judicial release, and released Carnahan on community control. (*Id.*); (*Id.* at 42-44). The trial court filed its judgment entry of sentence on September 1, 2015. (Doc. No. 105).

{¶10} On October 1, 2015, Carnahan filed his notice of appeal. (Doc. No. 106). He raises two assignments of error for our review.

### Assignment of Error No. I

**The Trial Court Violated the Appellant's Due Process Right by Imposing a More Severe Sentence on Re-Sentencing, Pursuant to North Carolina v. Pearce.**

{¶11} In his first assignment of error, Carnahan argues that the trial court erred by imposing a more severe sentence in contravention of *North Carolina v. Pearce*. 395 U.S. 711, 89 S.Ct. 2072 (1969).[1]

{¶12} R.C. 2953.08(A) provides specific grounds for a defendant to appeal a sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10.

---

[1] Carnahan's reliance on *Pearce* is erroneous because *Pearce* was overruled by the United States Supreme Court in *Alabama v. Smith*. *See State v. Donahue*, 6th Dist. Wood No. WD-05-025, 2006-Ohio-1117, ¶ 8, citing 490 U.S. 794, 795, 109 S.Ct. 2201 (1989). In *Pearce*, the United States Supreme Court initially "held that a trial court violates the Due Process Clause of the Fourteenth Amendment under the U.S. Constitution when it imposes a harsher sentence motivated by vindictive retaliation." *State v. Troglin*, 3d Dist. Union No. 14-06-57, 2007-Ohio-4368, ¶ 19, citing *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072 (1969), *overruled*, *Smith*. However, "cases subsequent to *Pearce* indicate that [] a presumption [of vindictiveness] arises only when circumstances establish a 'reasonable likelihood' that an increased sentence is the product of vindictiveness." *State v. Craycraft*, 12th Dist. Clermont Nos. CA2011-04-029 and CA2011-04-030, 2012-Ohio-884, ¶ 11, citing *Smith*. "'Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.'" *Id.*, quoting *Smith* at 799, citing *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217 (1984).

However, under R.C. 2953.08(D)(1), "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all sentencing provisions." *Underwood* at ¶ 20. "[W]hen a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Id.* at ¶ 21.

{¶13} "[A]n enhanced sentence imposed out of vindictiveness may be contrary to law." *State v. Schneider*, 8th Dist. Cuyahoga No. 98938, 2013-Ohio-2532, ¶ 7. "A presumption of vindictiveness arises when the same judge imposes a harsher sentence following a successful appeal." *State v. Troglin*, 3d Dist. Union No. 14-06-57, 2007-Ohio-4368, ¶ 19, citing *Pearce*, 395 U.S. at 724, *overruled*, *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201 (1989), and *State v. Wagner*, 3d Dist. Union No. 14-06-30, 2006-Ohio-6855, ¶ 8. *See also State v. Craycraft*, 12th Dist. Clermont Nos. CA2011-04-029 and CA2011-04-030, 2012-Ohio-884, ¶ 11, citing *State v. Johnson*, 2d Dist. Montgomery No. 23297, 2010-Ohio-2010, ¶ 5. A sentence is not vindictive when the aggregate length of the new sentence does not exceed the total length of the original sentence. *Troglin* at ¶ 20, quoting

*State v. Nelloms*, 144 Ohio App.3d 1, 7 (2d Dist.2001) and citing *State v. Pearson*, 130 Ohio App.3d 577, 586 (3d Dist.1998).

{¶14} Carnahan's sentence is authorized by law because it is not vindictive for three reasons. First, Carnahan's aggregate sentence and aggregate reserved sentence on remand are not greater than his original aggregate sentence or his original aggregate reserved sentence. In this case, Carnahan's original sentence included a four-year prison term for his aggravated-robbery conviction and 15-month prison terms for each of his fourth-degree-felony assault convictions, with the sentences to run consecutively to each other, for an aggregate 78-month prison term. (Doc. No. 73). The trial court further originally ordered that an 8-year prison term be reserved as to his felonious-assault conviction and that a 7-year prison term be reserved as to his aggravated-burglary conviction, with the sentences to be served consecutively, for an aggregate 15-year prison term to be served if Carnahan violated his community-control sanctions. (*Id.*).

{¶15} When the same trial judge resentenced Carnahan after he successfully appealed his original sentence, Carnahan was ordered to serve five-year prison terms for his aggravated-robbery conviction and his felonious-assault conviction, with the sentences to run concurrently to each other, for an aggregate five-year prison term. (Doc. No. 105). The trial court further resentenced Carnahan to a reserved 9-year prison term for his aggravated-burglary conviction

and reserved 17-month prison terms for each of his fourth-degree-felony assault convictions, with the sentences to run consecutively to each other, for an aggregate 11-year, 10-month prison term. (*Id.*).

{¶16} Carnahan's original aggregate sentence was reduced from 6 years and 6 months to 5 years, and Carnahan's original aggregate reserved sentence was reduced from 15 years to 11 years, 10 months. Accordingly, because Carnahan's aggregate prison sentence and his reserve aggregate prison sentence were reduced at his resentencing hearing, there is no presumption of vindictiveness. Therefore, Carnahan's sentence is authorized by law. *See Troglin*, 2007-Ohio-4368, at ¶ 20; *Nelloms*, 144 Ohio App.3d at 7. *Compare Troglin* at ¶ 22 (concluding that a presumption of vindictiveness arose because Troglin's aggregate sentence was increased from 11 to 15 years).

{¶17} Second, Carnahan agreed to his sentence as part of a negotiated plea agreement. *Compare Schneider*, 2013-Ohio-2532, ¶ 8 (concluding that Schneider's enhanced sentence was authorized by law because it was part of a negotiated plea agreement). Third, the trial court granted Carnahan's motion for judicial release, and released Carnahan on community control.

{¶18} For these reasons, Carnahan's first assignment of error is overruled.

**Assignment of Error No. II**

**The Appellant's Guilty Plea Was Not Made Knowingly, Intelligently and Voluntarily Due to the Trial Court's Lack of a Colloquy Regarding the Allied Offenses.**

{¶19} In his second assignment of error, Carnahan argues that his aggravated-robbery and felonious-assault convictions are allied offenses of similar import and should have been merged. He further argues in this assignment of error that his pleas were not made knowingly, intelligently, and voluntarily because the trial court did not inform him of Ohio's allied-offense statute. In support of his argument, Carnahan argues that his pleas were not knowing, intelligent, and voluntary because he "was found incompetent to stand trial for nearly two years while this action was pending" and because the resentencing transcript demonstrates that he was confused.[2]

{¶20} To the extent that Carnahan argues that his pleas were not made knowingly, intelligently, and voluntarily, we reject those arguments as res judicata. Moreover, Carnahan's argument that his pleas were not made

---

[2] Despite Carnahan's argument, he was not found to be incompetent to stand trial. (Doc. Nos. 14, 16, 21, 32, 35, 39, 53, 67). Even if Carnahan was found to be incompetent to stand trial, a prior finding of incompetence does not negate a defendant's competence to stand trial once his competence is found to be restored. *See State v. McGrath*, 8th Dist. Cuyahoga No. 91261, 2009-Ohio-1361, ¶ 16-20 (discussing the procedure to determine whether a defendant's competence to stand trial has been restored prior to permitting that defendant to enter a change of plea). Indeed, Carnahan conceded his competency to stand trial. (Doc. No. 53). (*See also* Doc. No. 67). Because the competency to stand trial and the competency to enter a plea are the same, we presume that Carnahan is arguing that he was incompetent to stand trial at his change-of-plea hearing. *See id.* at ¶ 20, citing *Godinez v. Moran*, 509 U.S. 389, 1113 S.Ct. 2680 (1993). Carnahan did not raise his competency to stand trial at his change-of-plea hearing. *See State v. Bellato*, 7th Dist. Mahoning No. 00 CA 141, 2003-Ohio-1214, ¶ 20; *State v. Rittner*, 6th Dist. Fulton No. F-02-034, 2003-Ohio-5201, ¶ 24; R.C. 2945.37(B).

knowingly, intelligently, and voluntarily because the trial court did not inform him of Ohio's allied-offense statute is not only barred by the doctrine of res judicata, it is also erroneous.

> "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

*State v. Nava*, 3d Dist. Wyandot No. 16-15-07, 2015-Ohio-5053, ¶ 15, quoting *State v. Dodson*, 12th Dist. Butler No. CA2011-02-034, 2011-Ohio-6347, ¶ 9.

{¶21} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'Crim.R. 11(C) is intended to ensure that guilty pleas are entered knowingly, intelligently, and voluntarily.'" *Id.*, quoting *State v. Cortez*, 3d Dist. Hancock Nos. 5-07-06 and 5-07-07, 2007-Ohio-6150, ¶ 15, citing *State v. Windle*, 4th Dist. Hocking No. 03CA16, 2004-Ohio-6827, ¶ 7. "Crim.R. 11(C) requires the trial judge, before accepting a guilty plea in a felony case, to inform the defendant of several rights

enumerated under the rule, making sure the defendant understands the nature of those rights." *Id.*, citing *State v. Stewart*, 51 Ohio St.2d 86, 88 (1977).

**{¶22}** Carnahan had the opportunity to raise the issue that his pleas were not made knowingly, intelligently, and voluntarily in his direct appeal, which he failed to do. *See Carnahan*, 2015-Ohio-1185, ¶ 11. Furthermore, Carnahan did not raise those issues to the trial court. Indeed, Carnahan withdrew his motion to withdraw his pleas. (Doc. No. 105); (July 7, 2015 Tr. at 4-6, 22, 32-38). Accordingly, Carnahan's argument that his pleas were not knowing, intelligent, and voluntary is barred by the doctrine of res judicata. *See State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, ¶ 29. *See also State v. State v. Harris*, 5th Dist. Coshocton No. 2013CA0013, 2014-Ohio-2633, ¶ 26 (concluding that Harris's competency-to-stand-trial argument is barred by res judicata because he failed to raise it in a direct appeal); *State v. Rayl*, 9th Dist. Summit No. 22496, 2005-Ohio-4263, ¶ 9 (concluding that Rayl's argument that her pleas were not knowing, intelligent, and voluntary is barred by res judicata because she failed to raise it in a direct appeal).

**{¶23}** Furthermore, Carnahan's argument that his pleas were not knowing, intelligent, and voluntary because the trial court did not inform him of Ohio's allied-offense statute is meritless because there is "no obligation under Crim.R. 11(C)(2) for the trial court to determine, at a plea hearing, whether the offenses at

issue are allied offenses of similar import and to notify the defendant of the cumulative maximum penalty after merger." *State v. Jefferson*, 2d Dist. Montgomery No. 26022, 2014-Ohio-2555, ¶ 21. That is, "the merger of allied offenses of similar import occurs at sentencing." *Id.* *See also State v. May*, 11th Dist. Lake No. 2010-L-131, 2011-Ohio-5233, ¶ 78. Therefore, we turn to Carnahan's argument that the trial court erred by failing to merge his aggravated-robbery and felonious-assault convictions prior to sentencing him.

**{¶24}** "'It is well established that there may only be one conviction for allied offenses of similar import, and thus, allied offenses must be merged at sentencing.'" *Moll*, 2015-Ohio-926, at ¶ 12, quoting *State v. Donaldson*, 2d Dist. Montgomery No. 24911, 2012-Ohio-5792, ¶ 23, citing *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1. "A trial court is prohibited from imposing individual sentences for counts that constitute allied offenses, and a defendant's plea of guilty, or no contest, to multiple counts does not affect the court's duty to merge those counts at sentencing." *Id.*, citing *Donaldson* at ¶ 23, citing *Underwood* at ¶ 26. "Even if a sentence is jointly recommended by the parties and imposed by the court, an appellate court is not precluded from reviewing it if a sentence is imposed on multiple counts that are allied offenses, because such a sentence is unauthorized by law." *Id.*, quoting *Donaldson* at ¶ 23. *See also Underwood* at ¶ 20; R.C. 2953.08(D)(1).

**{¶25}** On appeal, "a reviewing court must find something in the record that affirmatively establishes that the offenses are not allied" for a defendant's sentence to be authorized by law. *Id.* at ¶ 13, citing *State v. Biondo*, 11th Dist. Portage No. 2012-P-0043, 2013-Ohio-876, ¶ 10. "'This could be done a number of ways, including stipulations that the offenses were committed with a separate animus, as in *Donaldson * * *;* or by establishing the offenses occurred on different dates or by separate and distinct conduct; or that the commission of one offense clearly could not result in the commission of the other.'" *Id.*, quoting *Biondo* at ¶ 10, citing *Donaldson* at ¶ 25.

**{¶26}** Carnahan's sentence is authorized by law because the parties stipulated that Carnahan's aggravated-robbery and felonious-assault convictions are not allied offenses. *See id.* at ¶ 16; *Donaldson* at ¶ 25. Similar to the argument presented in *Moll*, Carnahan relies on *State v. Rogers.* 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-3235.[3] *See Moll* at ¶ 11. As we noted in *Moll*, the Eighth District Court of Appeals

---

[3] In his brief, Carnahan specifically relies on *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-3235. (*See* Appellant's Brief at 8-9). Carnahan states, "The [Eighth District Court of Appeals] certified a conflict to the Ohio Supreme Court in that case but Ohio's highest court denied that appeal leaving the <u>Rogers</u> case the current law regarding guilty pleas of allied offenses." (Underline sic.) (Appellant's Brief at 9). This statement is not accurate. The Supreme Court of Ohio certified conflicts and reversed in part and affirmed in part *Rogers*, 2013-Ohio-3235. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459. In *Rogers*, 2013-Ohio-3235, the Eighth District granted en banc consideration after concluding that a conflict existed between the original decision in the case and previous decisions of the court. *Rogers*, 2013-Ohio-3235, at ¶ 2. *See also State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-1027. The Supreme Court of Ohio did not accept the direct appeal in *Rogers*, 2013-Ohio-1027. *State v. Rogers*, 127 Ohio St.3d 1475, 2014-Ohio-176.

concluded in *Rogers* that "'[w]here a facial question of allied offenses of similar import presents itself, a trial court judge has a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge.'" *Id.* at ¶ 11, quoting *Rogers* at ¶ 63. As was the case in *Moll*, *Rogers* is inapplicable because, like the defendant in *Moll*, Carnahan stipulated that the offenses are not allied offenses and that he committed each with separate animus. (July 7, 2015 Tr. at 7); (Doc. No. 105). *Compare Moll* at ¶ 11.

{¶27} As in *Moll*, because Carnahan stipulated that his aggravated-robbery and felonious-assault convictions are not allied offenses, the trial court was under no obligation to determine whether the offenses were allied under to R.C. 2941.25. *Moll* at ¶ 16, citing *State v. Torres*, 8th Dist. Cuyahoga No. 100106, 2014-Ohio-1622, ¶ 11 ("Because the parties stipulated that the offenses were not allied offenses, the trial court was not obligated under R.C. 2941.25 to determine whether the offenses charged * * * were allied offenses."). Indeed, at Carnahan's resentencing hearing, the State advised the trial court that the parties agreed under the negotiated plea agreement that Carnahan's convictions are separate offenses. (July 7, 2015 Tr. at 7). (*See also* Doc. No. 105).

{¶28} Therefore, Carnahan's second assignment of error is overruled.

**{¶29}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**