[Cite as *State v. Donaldson*, 2012-Ohio-5792.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                          :

     Plaintiff-Appellee                            :                    C.A. CASE NO.    24911

v.                                                                    :                    T.C. NO.    10CR1828

RALPH E. DONALDSON                            :                    (Criminal appeal from
                                                                                                Common Pleas Court)

     Defendant-Appellant                       :

                                                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____7th____ day of ____December____, 2012.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Blvd., Springboro, Ohio 45066
     Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

     **{¶ 1}**  Ralph Donaldson appeals from a judgment of the Montgomery

County Court of Common Pleas, which found him guilty on his guilty plea of involuntary manslaughter. The trial court sentenced him to a mandatory term of five years of imprisonment, to be served consecutively with his sentences in other cases.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

I

{¶ 3} In 1997, Donaldson was indicted for one count of attempted murder and one count of felonious assault for beating his female companion, Deborah Nooks, on December 31, 1996 (Case No. 97CR17). Donaldson pled guilty to attempted murder, with an agreed sentence of eight years, and the charge of felonious assault was dismissed. The State expressly reserved the right to pursue a charge of murder or another form of homicide if Nooks later died from her injuries. Donaldson did not appeal from his conviction.

{¶ 4} Three days after his plea and sentence, Donaldson filed a motion to withdraw his plea in which he argued that he was misled by his trial counsel into believing that 1) the victim's injuries were not likely to be fatal and 2) his agreement, as part of the plea bargain, that the State could subsequently prosecute him for murder or another homicide was not likely to adversely impact him. The trial court denied Donaldson's motion to withdraw his plea, and Donaldson appealed. On appeal, we concluded that, as of that time, Donaldson had not shown any prejudice, since the contingency described in the plea agreement by which he claimed to have been adversely affected had not yet materialized. *State v. Donaldson*, 2d Dist. Montgomery Nos. 16504, 17038, 1998 WL 905686, * 3 (Sept. 4, 1998). We further stated that, if the contingency (Nooks's death and the State's decision to charge Donaldson for a homicide) materialized, he could raise the

issue at that time, i.e., "interposing this claim as a bar to his subsequent prosecution." *Id.*

{¶ 5} Nooks died on August 6, 2009, more than twelve years after Donaldson's plea to attempted murder. Donaldson was indicted for her murder, and he filed a motion to dismiss, arguing that the new charge violated his right to be free from double jeopardy. Following a hearing, the trial court concluded that Donaldson's claim that counsel had misled him about the seriousness of the victim's injuries at the time of his earlier plea lacked credibility, that his plea to attempted murder with the understanding that the State could pursue a more serious charge at a later date, if warranted, was knowingly, intelligently and voluntarily made, and that the State was not barred from prosecuting him for Nooks's murder.

{¶ 6} Pursuant to a plea agreement, Donaldson subsequently pled guilty to involuntary manslaughter, in violation of R.C. 2903.04(A), in exchange for an agreed mandatory sentence of five years, to be served consecutively to his sentence for attempted murder in Case No. 97CR17 and to his sentences in two other Greene County cases.

{¶ 7} Donaldson appeals from his conviction, raising two assignments of error.

II

{¶ 8} The first assignment of error states:

**Appellant's conviction for involuntary manslaughter is in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.**

{¶ 9} Donaldson contends that the trial court erred in concluding that his prosecution for murder was not barred by the constitutional prohibition on double jeopardy.

{¶ 10}   We will assume, for purposes of this appeal, that Donaldson's guilty plea to involuntary manslaughter does not preclude him from challenging, on double jeopardy grounds, the State's ability to bring this charge against him.

{¶ 11}   In *State v. Sturgell*, 2d Dist. Darke No. 1751, 2009-Ohio-5628, we stated:

> The double jeopardy clause protects against a second prosecution for the same offense after acquittal or conviction, and against multiple punishments for the same offense. *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.   In that regard, the double jeopardy clause generally forbids successive prosecutions and cumulative punishments for a greater and lesser included offense involving the same conduct.   *Brown v. Ohio* (1977), 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187.   Conviction on a lesser included offense generally bars subsequent prosecution for a greater offense. *Id.*; *State v. Konicek* (1984), 16 Ohio App.3d 17.
>
> * * *
>
> However, a well recognized exception to the double jeopardy bar applies when one or more of the elements of the greater offense, such as the death of the victim, did not occur before the State concluded its prosecution on the lesser offense. In that circumstance, prosecution on the greater offense is not barred by double jeopardy.   *Brown v. Ohio*, 432 U.S. at 169, fn7; *Diaz v. United States* (1912), 223 U.S. 442, 448-449, 32 S.Ct. 150, 56 L.Ed. 500; *Konicek* at 18; * * *.

*Id.* at ¶ 10, 15-17.

**{¶ 12}** In support of his argument, Donaldson cites *State v. Carpenter*, 68 Ohio St.3d 59, 623 N.E.2d 66 (1993), which held that the State cannot indict a defendant for murder after the court has accepted a negotiated guilty plea to a lesser offense "unless the [S]tate expressly reserves the right to file additional charges on the record at the time of defendant's plea." *Id.* at syllabus. This holding suggests that Donaldson's prosecution was permissible, because the State did reserve the right to pursue additional charges. *Carpenter* does not support Donaldson's position. Donaldson's argument actually relies on our Opinion in his previous appeal, which stated that he could seek complete relief at the time of a subsequent prosecution, if one arose, and which allowed the trial court to consider, at the later date, whether he had been substantially misled by his attorney during the plea negotiations.

**{¶ 13}** Donaldson's case comes before us in an unusual procedural posture. In response to his appeal from his unsuccessful motion to withdraw his plea to attempted murder in the days after he was sentenced, we stated, in essence, that the issue was not ripe for review, because at the time, neither we nor the trial court could know whether he would be prejudiced by the plea provision to which he objected, i.e., the State's reservation of the right to bring additional charges if the victim later died. But more directly, this case comes before us due to the trial court's denial of Donaldson's motion to dismiss the new charge on double jeopardy grounds. A post-sentence motion to withdraw a plea is reviewed under an abuse of discretion standard, and the defendant bears the burden of establishing a manifest injustice. *State v. Pritchett*, 2d Dist. Montgomery No. 24183, 2011-Ohio-5978, ¶ 13, citing *Xenia v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, ¶ 6; Crim.R. 32.1. On

the other hand, we conduct a de novo review of a denial of a motion to dismiss an indictment on the grounds of double jeopardy. *State v. Gunnell*, 2d Dist. Clark No. 09-CA-0013, 2010-Ohio-4415, ¶ 54; *State v. Betts*, 8th Dist. Cuyahoga No. 88607, 2007-Ohio-5533, ¶ 20, citing *In re Ford*, 987 F.2d 334, 339 (6th Cir.1992). Under the circumstances presented in this case, we will review the trial court's factual findings regarding the circumstances surrounding Donaldson's earlier plea under an abuse of discretion standard, while reviewing the legal question of whether the State was permitted to bring additional charges against Donaldson de novo.

{¶ 14} Donaldson asserts that the evidence at the hearing on his motion to dismiss the murder charge "clearly demonstrates" that he was, in fact, misled by trial counsel. Thus, his argument depends on whether the trial court could have reasonably concluded that Donaldson had not been misled about the victim's condition at the time of his original plea.

{¶ 15} At the hearing, Donaldson testified that, when he entered his plea to attempted murder, he believed that "the victim was doing a lot better and [he] didn't have nothing to worry about." He claimed that he was informed of these alleged facts by his attorney. He claimed that he regretted his plea agreement "almost immediately" and began drafting a motion to withdraw his plea because, at the sentencing hearing (which was held the same day as his plea), the victim's sister stated that Nooks was in "real bad shape" and had "one foot in the grave." Donaldson stated that he would not have taken the plea if he had known that the victim was not "doing better" and "possibly might die."

{¶ 16} Donaldson's attorney in Case No. 97CR17, Victor Hodge, also testified at the hearing on Donaldson's motion to dismiss. Hodge stated that the State was unwilling to

offer a plea that did not include the stipulation that additional charges could be pursued if the victim died, that he had explained the stipulation to Donaldson in their extensive discussions about whether to take the plea, and that he had informed Donaldson that the State would also have the right to pursue additional charges against him if the matter went to trial. Hodge remembered explaining to Donaldson that the longer the victim lived, the harder it would be for the State to prove that her death was proximately caused by his actions. Hodge also testified that he did not believe that Nooks was "in imminent danger of death" at the time of the plea. He denied telling Donaldson that there was "nothing to worry about." Hodge acknowledged that Nooks's sister stated at the sentencing hearing that Nooks was "practically on her death bed," but he testified that this statement was inconsistent with Hodge's own understanding of Nooks's condition at that time.

{¶ 17} In overruling Donaldson's motion to dismiss, the trial court found Donaldson's claim that his attorney had said that there was "nothing to worry about" lacking in credibility. The court concluded that counsel's explanation of Donaldson's risk was more in keeping with Donaldson's own statement at the hearing that counsel had said that "as long as the victim didn't die from something I done, I didn't have nothing to worry about." The trial court also noted that no evidence was presented at the hearing that, at the time of the plea, the victim had been in imminent danger of death, and that the court "might– if it chose– avail itself of the unusual ability to infer" from Nooks's survival for twelve years after the plea that she had not, in fact, had "one foot in the grave" at the time of the plea. For these reasons, the trial court found that Donaldson had not been misled and had entered his plea to attempted murder knowingly, intelligently, and voluntarily. The trial court

concluded that the State was not barred from prosecuting Donaldson for murder.

{¶ 18}    Based on the evidence presented, the trial court reasonably concluded, as a matter of fact, that Donaldson had not been misled when he entered his plea, which included the State's reservation of the right to bring additional charges.   The trial court also properly concluded, as a matter of law, that Donaldson's prosecution for murder was not barred by double jeopardy, because a fact necessary to that charge – the victim's death – did not exist when he was convicted of attempted murder.   *Sturgell*, 2d Dist. Darke No. 1751, 2009-Ohio-5628, ¶ 17.

{¶ 19}    The first assignment of error is overruled.

III

{¶ 20}    Donaldson's second assignment of error states:

**The trial court erred in failing to merge appellants' involuntary manslaughter conviction with a prior conviction for attempted murder as the two convictions constitute allied offenses of similar import.**

{¶ 21}    Donaldson asserts that his 1997 conviction for attempted murder and his conviction in the present case for involuntary manslaughter are allied offenses of similar import, and that the trial court was precluded, on double jeopardy grounds, from imposing sentences for both offenses.   He claims that the "convictions should have been merged into a single conviction for which [he] has already served an eight-year prison sentence."

{¶ 22}    In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the supreme court discussed at length the interplay among a defendant's plea to multiple allied offenses, his agreement to recommend a sentence, and his ability to appeal from the

imposition of the recommended sentence on the ground that the offenses were allied. The supreme court observed that a defendant may appeal a sentence that is contrary to law, R.C. 2953.08(A)(4); however, a sentence may not be appealed if 1) both the defendant and the State agree to the sentence, 2) the trial court imposes the agreed sentence, and 3) the sentence is authorized by law. R.C. 2953.08(D)(1). *Id.* at ¶ 16. A sentence is authorized by law and not appealable within the meaning of R.C. 2953.08(D)(1) only if it complies with all mandatory sentencing provisions. *Id.* at ¶ 20.

{¶ 23} It is well established that there may be only one conviction for allied offenses of similar import, and thus, allied offenses must be merged at sentencing. *Id.* at ¶ 26; R.C. 2941.25(A) Because a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import, a defendant's plea to multiple counts does not affect the court's duty to merge those counts at sentencing. *Id.* Even if a sentence is jointly recommended by the parties and imposed by the court, an appellate court is not precluded from reviewing it if a sentence is imposed on multiple counts that are allied offenses, because such a sentence is unauthorized by law. However, the supreme court observed in *Underwood* that "nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence." *Id.* at ¶ 29.

{¶ 24} In *Underwood*, the defendant was indicted on and convicted of two counts of aggravated theft and two counts of theft. There was no discussion of allied offenses at the sentencing hearing. On appeal, the parties did not seem to dispute that some of the

offenses to which he pled no contest were allied offenses. Rather, the State's argument focused on a legal issue: whether a defendant who enters guilty or no contest pleas to allied offenses and agrees to a particular sentence has, by entering the plea, waived the right to argue on appeal that his sentence was unauthorized by law because allied offenses were not merged.

**{¶ 25}** Donaldson's case differs from *Underwood* in that the parties expressly stipulated that Donaldson's commission of involuntary manslaughter, with an underlying offense of felonious assault, was committed with a separate animus, and this was not an allied offense to the previous charge of attempted murder. The parties referenced *Underwood* in making this stipulation, and it is clear that Donaldson understood that he would be sentenced for an additional term beyond what he had already served for the attempted murder, i.e., there were be no merger. This is precisely the type of factual stipulation that the court in *Underwood* acknowledged as a means of addressing a defendant's potential "manipulation" of a plea agreement for a "more beneficial result" where allied offenses are involved. Under the circumstances presented in Donaldson's case, the trial court did not err in failing to merge the convictions for attempted murder and involuntary manslaughter.

**{¶ 26}** The second assignment of error is overruled.

IV

**{¶ 27}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

GRADY, P.J. and DONOVAN, J., concur.

Copies mailed to:

Kirsten A. Brandt
Marshall G. Lachman
Hon. Gregory F. Singer