[Cite as *State v. Biondo*, 2013-Ohio-876.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-P-0043** |
| RUSSELL J. BIONDO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2011 CR 0443.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Russell J. Biondo*, pro se, PID: A621112, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Russell J. Biondo, appeals the Portage County Court of Common Pleas' entry of sentence for failure to merge allied offenses of similar import. Appellant contends the trial court was required to consider the specific details of the conduct that precipitated his charges; however, he argues, as that information was never placed before the trial court, the case must be remanded to establish those facts. Appellee, the state of Ohio, concedes a remand is indeed necessary to establish the

facts of appellant's conduct and for the trial court to determine whether his crimes should merge. The judgment is reversed and remanded, with the parameters of the remand addressed below.

{¶2} Appellant entered negotiated pleas of guilty on one amended count of illegal manufacture of drugs (methamphetamine) and one count of possessing criminal tools. The state entered a Nolle Prosequi on the remaining charge of assembly or possession of chemicals to manufacture a controlled substance. The consecutive sentences, which were jointly agreed upon by appellant and the state, were accepted by the trial court. Appellant was sentenced consecutively to three years for illegal manufacture of drugs and six months for possessing criminal tools.

{¶3} Appellant was granted leave to file a delayed appeal. Appellant, pro se, now asserts one assignment of error. It should be noted that the table of contents in appellant's merit brief sets forth one assignment of error, followed by a brief explanation of the issue presented for review, pursuant to App.R. 16(A). However, in the body portion of the brief, the previously-framed issue presented for review is instead labeled, seemingly erroneously, "second assignment of error." As appellant does not treat this as an individual assignment of error, and as it does not raise a separate issue, it shall not be so construed.

{¶4} Appellant's assignment of error states:

{¶5} The trial court violated the Defendant-Appellant's rights under the Double Jeopardy Clause of the United States Constitution and Ohio Constitution and committed reversible error when it imposed consecutive sentences when the two crimes were allied offenses of

2

similar import and were subject to merger under Ohio Revised Code § 2941.25.

{¶6} The test to determine whether two offenses should be merged pursuant to the constitutional protections codified in R.C. 2941.25 has evolved considerably from its initial, oft-criticized statutory abstraction methodology—a paradigm subsequently acknowledged as capable of producing absurd results. *See State v. Williams*, ___ Ohio St.3d ___, 2012-Ohio-5699, ¶16-20 (detailing the history of the merger analysis). In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court developed the current standard, holding that, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. In making such a determination, a court must consider whether it is possible to commit the offenses by the same conduct and, if so, whether the offenses were, in fact, committed by the same conduct: i.e., "'a single act committed with a single state of mind.'" *Id.* at ¶49. If both questions are answered affirmatively, then merger is appropriate. The results of the analysis will vary by case as the examination of the defendant's conduct is necessarily non-formulaic and inherently subjective. *Id.* at ¶52.

{¶7} Turning to the case sub judice, appellant was indicted on one count of illegal manufacture of drugs (methamphetamine) and on one count of possessing criminal tools, to wit: pyrex dishes, coffee filters, and a scale. It is possible to commit these offenses with the same conduct. However, the record contains insufficient facts concerning whether appellant did, in fact, commit the two offenses by the same

3

conduct. As explained by this court in *State v. Miller*, 11th Dist. No. 2009-P-0090, 2011-Ohio-1161, ¶56:

> **{¶8}** Because the *Johnson* test requires a court to consider the specific details of the conduct which precipitated the charges, we are unable, at this time, to determine whether appellant's convictions for illegal manufacturing of methamphetamine and possession of chemicals to produce methamphetamine should have merged.

**{¶9}** While it is clear the parties stipulated to the sentence, it is also clear the parties cannot stipulate to a sentence that is contrary to law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶23 & ¶29; *see also State v. Donaldson*, 2d Dist. No. 24911, 2012-Ohio-5792, ¶23 ("[e]ven if a sentence is jointly recommended by the parties and imposed by the court, an appellate court is not precluded from reviewing it if a sentence is imposed on multiple counts that are allied offenses, because such a sentence is unauthorized by law").

**{¶10}** In order for the reviewing court to determine whether the sentence is not contrary to law, there must be something in the record to affirmatively establish the offenses are not allied. This could be done in a number of ways, including stipulations that the offenses were committed with a separate animus, as in *Donaldson*, *supra*, ¶25; or by establishing the offenses occurred on different dates or by separate and distinct conduct; or that commission of one offense clearly could not result in the commission of the other. In this case, it is simply not clear and is not on the record.

**{¶11}** It may certainly be that the possession of criminal tools in this case included more items than were included in the tools or equipment involved in count two.

As the state has acknowledged, this information and finding must be included in the record.

{¶12} We reject appellant's alternative contention that a resentencing hearing is automatically warranted. Instead, consistent with our holding in *Miller*, we remand the matter to the trial court for the limited purpose of establishing the facts underlying the charges. Once the facts are established, the trial court will analyze appellant's conduct under *Johnson* and rule whether the crimes at issue should be merged for sentencing.

{¶13} Appellant's assignment of error is therefore sustained to the extent a remand is necessary to establish the underlying facts of his conduct and for the trial court to determine whether his crimes should merge for sentencing purposes. Accordingly, the judgment is reversed and remanded.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.