[Cite as *State v. Rea*, 2013-Ohio-3971.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-A-0043** |
| DONNA REA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CR 241.

Judgment: Affirmed.

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Gregory A. Price*, 137 South Main, Suite 300, Akron, OH 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Donna Rea, appeals from her convictions on three counts of illegal assembly or possession of chemicals for the manufacture of drugs ("illegal assembly"), in violation of R.C. 2925.041(A), felonies of the third degree.

{¶2} All three counts allege appellant assembled or possessed chemicals for the manufacture of methamphetamine. Count 1 alleges the infraction occurred on or between October 28, 2011 and November 4, 2011; Count 2 alleges a time frame on or

between November 5, 2011 and November 5, 2011; and Count 3 on or between November 23, 2011 and December 7, 2011.

{¶3}  On April 26, 2012, the Ashtabula County Grand Jury indicted appellant on 11 counts of Illegal assembly.  On June 14, 2012, appellant entered a guilty plea on the first three counts of the illegal assembly charges in exchange for dropping the remaining counts.  Appellant was sentenced to 36 months on each count, to be served concurrently.

{¶4}  Appellant raises the following three assignments of error for our review:

{¶5}  "[1.] The trial courts committed reversible error when they found that a third degree felony carries a presumption of prison.

{¶6}  "[2.] Appellant received ineffective assistance of counsel when her trial counsel failed to correct the trial court's conclusion that a third degree felony carries a presumption of prison.

{¶7}  "[3] The trial court committed reversible error when it failed to merge the three charges of illegal possession of chemicals."

{¶8}  The arguments under appellant's first and second assignments of error have been fully addressed in our opinion in Case No. 2012-A-0044.  Therefore, we will not repeat them here.  They are without merit as decided.

{¶9}  Under appellant's third assignment of error, she contends that the trial court committed reversible error when it failed to merge the three charges of illegal possession because the three counts for which she was convicted demonstrate a continuing course of conduct, meaning that essentially, appellant was convicted of multiple charges for one continuing offense in violation of the Double Jeopardy Clause.

2

Appellant argues that the trial court should have merged the three charges and sentenced her on only one count of illegal assembly. We disagree.

{¶10} R.C. 2941.25 provides:

{¶11} "(A) Where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶12} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶13} "If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶48.

{¶14} In *Johnson*, the Ohio Supreme Court developed the current standard, holding that, "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.* at syllabus. Although *Johnson* was a plurality opinion, this court embraced and later adopted the lead opinion in *State v. May*, 11th Dist. Lake No. 2010-L-131, 2011-Ohio-5233; *see also State v. Oliver*, 11th Dist. Portage No. 2010-P-0017, 2012-Ohio-122, ¶129.

3

{¶15} "In making such a determination, a court must consider whether it is possible to commit the offenses by the same conduct and, if so, whether the offenses were, in fact, committed by the same conduct: i.e., 'a single act committed with a single state of mind.'" *State v. Biondo,* 11th Dist. Portage No. 2012-P-0043, 2013-Ohio-876, ¶6. "If both questions are answered affirmatively, then merger is appropriate." *Id.*

{¶16} Turning to the case before us, appellant was convicted of three counts of the same offense. However, each count was committed at a separate time and with a separate animus. Count 1 occurred between October 28, 2011 and November 4, 2011, in the village of Jefferson, the city of Geneva, the city of Ashtabula, and the township of Saybrook. Count 2 occurred between November 5, 2011 and November 22, 2011, in the city of Ashtabula, the city of Geneva, and the township of Madison. Count 3 occurred between November 23, 2011 and December 7, 2011, in the city of Geneva, the township of Ashtabula, and the township of Madison.

{¶17} Accordingly, based on the above-recited legal standard, appellant's offenses did not qualify as allied offenses of similar import subject to merger since they were committed during three separate time frames and various places, with separate animus.

{¶18} Based on the foregoing, it is the opinion of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with Concurring/Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., concurs in part and dissents in part with Concurring/Dissenting Opinion.

{¶19} I take exception with the fact that this case, Case No. 2012-A-0043, did not merge below with Case No. 2012-A-0044. I further take exception with the fact that this court did not later consolidate these cases for purposes of briefing and disposition. The charges in both cases include illegal assembly or possession of chemicals for the manufacture of drugs, all felonies of the third degree, all in violation of R.C. 2925.041(A), and all alleged to have been purchased to manufacture methamphetamine. Thus, based on the foregoing and on the facts at issue, I believe both cases should have merged and/or been consolidated.

{¶20} The majority points out that the arguments under appellant's first and second assignments of error have been fully addressed in Case No. 2012-A-0044, in which this writer concurred in part and dissented in part with a concurring/dissenting opinion. Thus, as a means to avoid repetition, I incorporate my concurring/dissenting opinion regarding appellant's first and second assignments of error in Case No. 2012-A-0044 with the instant case, Case No. 2012-A-0043. As such, I will now only address appellant's third assignment of error, dealing with allied offenses and merger, in which I dissent. I do not agree with the majority that appellant's offenses did not qualify as allied offenses of similar import subject to merger.

{¶21} This writer wishes to expand on the majority's citations regarding allied offenses and the judicial doctrine of merger by providing the following background:

5

{¶22} Our review of an allied offenses question is de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶12. "R.C. 2941.25 'codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense.' *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, * * * ¶23. At the heart of R.C. 2941.25 is the judicial doctrine of merger; merger is 'the penal philosophy that a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime.' *State v. Botta*, 27 Ohio St.2d 196, 201 * * * (1971)." (Parallel citations omitted.) *Williams* at ¶13.

{¶23} R.C. 2941.25 states:

{¶24} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶25} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶26} "To ensure compliance with both R.C. 2941.25 and the Double Jeopardy Clause, 'a trial court is required to merge allied offenses of similar import at sentencing. Thus, when the issue of allied offenses is before the court, the question is not whether

6

a particular sentence is justified, but whether the defendant may be sentenced upon all the offenses.' *Underwood* at ¶27." *Williams, supra,* at ¶15.

**{¶27}** The method employed by courts in determining whether two crimes constitute allied offenses of similar import has evolved. In *State v. Rance*, 85 Ohio St.3d 632 (1999), the Supreme Court of Ohio held that "[u]nder an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared *in the abstract.*" *Id.*, paragraph one of the syllabus. (Emphasis sic.) Since its release, *Rance* has gone through various modifications and revisions. *See State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625; *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569; *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059.

**{¶28}** The Supreme Court of Ohio revisited the allied offenses analysis again in 2010 and overruled *Rance* in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. Under the new analysis, which this court later relied upon and embraced in *State v. May*, 11th Dist. Lake No. 2010-L-131, 2011-Ohio-5233, "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson*, at the syllabus. The *Johnson* court provided the new analysis as follows:

**{¶29}** "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

7

{¶30} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' * * *.

{¶31} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶32} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has [a] separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." *Id.* at ¶48-51. (Citations omitted.) (Emphasis sic.)

{¶33} This court went on to state in *May, supra,* at ¶50-51:

{¶34} "'In departing from the former test, the court developed a new, more context-based test for analyzing whether two offenses are allied thereby necessitating a merger. In doing so, the court focused upon the unambiguous language of R.C. 2941.25, requiring the allied-offense analysis to center upon the defendant's conduct, rather than the elements of the crimes which are charged as a result of the defendant's conduct.' [*State v.*] *Miller*[,11th Dist. Portage No. 2009-P-0090, 2011-Ohio-1161,] at ¶47, citing *Johnson* at ¶48-52.

{¶35} "'The (*Johnson*) court acknowledged the results of the above analysis will vary on a case-by-case basis. Hence, while two crimes in one case may merge, the same crimes in another may not. Given the statutory language, however, this is not a problem. The court observed that inconsistencies in outcome are both necessary and permissible '(* * *) given that the statute instructs courts to examine a defendant's

conduct - an inherently subjective determination.' *Miller* at ¶52, quoting *Johnson* at ¶52.

**{¶36}** In this case, the issue is whether appellant's charges of illegal assembly are allied offenses subject to merger for purposes of sentencing, which this court reviews de novo. *Williams, supra,* at ¶12.

**{¶37}** Applying *Johnson*, it is possible to commit one offense of illegal assembly and commit another with the same conduct. Again, under R.C. 2941.25, Ohio's multiple-count statute, if a defendant's conduct results in allied offenses of similar import, the defendant may ordinarily be convicted of only one of the offenses. R.C. 2941.25(A). However, if the defendant commits each offense separately or with a separate animus, then convictions may be entered for both offenses. R.C. 2941.25(B).

**{¶38}** The majority finds that the facts do not support merger. However, I find the opposite. The record establishes that appellant evidenced the same animus in committing these offenses, which spanned over the course of three months. Appellant assembled or possessed chemicals for the manufacture of methamphetamine. All counts were for the same activity. Looking to the conduct of the accused, this was a single act with a single state of mind. The test under *Johnson* is not whether the elements line up, which is the essence of the *Rance* analysis. Rather, the test is whether the crimes were committed by the same conduct and with the same animus. In this case, they were.

**{¶39}** "'[T]he purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence.'" *State v. Helms*, 7th Dist.

9

Mahoning No. 08 MA 199, 2012-Ohio-1147, ¶68, quoting *Johnson, supra,* at ¶43, citing *Maumee v. Geiger*, 45 Ohio St.2d 238, 242 (1976). In this case, treatment was recommended and available. However, multiple sentences were improperly "heaped" on appellant instead. This amounts to an undue burden on our already overcrowded prison system pursuant to the principles and purposes of sentencing under R.C. 2929.11, which I have elaborated on in my concurring/dissenting opinion in Case No. 2012-A-0044, dealing with H.B. 86.

**{¶40}** Based on the facts of this case, this writer believes the offenses qualify as allied offenses of similar import, were committed with the same animus, and should have merged. Thus, I find appellant should have received treatment and not been sentenced separately for each offense.

**{¶41}** For the foregoing reasons, I dissent with the majority's view on allied offenses and merger under appellant's third assignment of error.