[Cite as *State v. Johnson*, 2013-Ohio-4946.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                        :

    Plaintiff-Appellee                       :                C.A. CASE NO.    25711

v.                                                           :                T.C. NO.    91CR1751/1

DERRICK L. JOHNSON                             :                (Criminal appeal from
                                                                                Common Pleas Court)

    Defendant-Appellant                    :

                                                             :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     8th     day of     November    , 2013.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DERRICK L. JOHNSON, #254-768, Pickaway Correctional Institute, P. O. Box 209, Orient, Ohio 43146
    Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}** Derrick Johnson appeals from a judgment of the Montgomery County Court of Common Pleas, denying his "Criminal Rule 52(B) Plain Error Motion to Correct a

Void Sentence."

{¶ 2}    In 1992, Johnson was convicted, after a jury trial, of two counts of aggravated murder, one count of attempted aggravated murder, and one count of aggravated robbery, each with a firearm specification.  The convictions arose out of the shooting of Ralph Allen and the fatal shootings of Isaac Washington and Shay Stephens; Johnson was charged as an accomplice.   The trial court sentenced Johnson to life in prison for each of the aggravated murders, 10 to 25 years for the aggravated robbery, and 7 to 25 years for the attempted aggravated murder, to be served consecutively.  The court merged the firearm specifications and imposed an additional three years, to be served consecutive to and prior to the other sentences.   We affirmed Johnson's convictions.  *State v. Johnson*, 2d Dist. Montgomery No. 13449, 1993 WL 248135 (July 7, 1993).

{¶ 3}    On June 21, 2012, Johnson filed a "Criminal Rule 52(B) Plain Error Motion to Correct a Void Sentence."   He claimed that the trial court failed to hold a "voir dire hearing" to determine whether any of his offenses were allied offenses of similar import.  Johnson claimed that all of the offenses took place at the same time, in the same residence, and as part of a single transaction.  Johnson asserted that the trial court should consider whether his offenses are allied offenses using the analysis set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 106 ("*Johnson*").

{¶ 4}    The trial court overruled Johnson's motion.  It reasoned that Johnson had waived his allied offense argument by failing to raise it in a timely manner, specifically at the time of sentencing, on appeal, or in a timely petition for post-conviction relief.  The court further stated that, even if the motion were timely, the court would still overrule the motion, because the "remedy that the Defendant seeks from the Court is based upon law that

was not in effect at the time he was sentenced in this case." The court stated that Johnson was not entitled to retroactive application of *Johnson*.

{¶ 5} Johnson appeals from the trial court's judgment, claiming that the trial court erred in failing to conduct a hearing on whether his offenses were allied offenses of similar import.

{¶ 6} Johnson was found guilty and sentenced on his offenses in 1992. He filed a direct appeal, but did not argue that his offenses should have merged as allied offenses of similar import and/or that the trial court erred by failing to hold a hearing on whether his offenses should merge. We affirmed Johnson's convictions in 1993; at that time, Johnson's convictions became final.

{¶ 7} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Township*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata bar applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction and/or sentence. *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Because Johnson failed to raise the merger issue in his direct appeal, res judicata bars his claim that the trial court erred in failing to hold a hearing and to consider merger of his offenses.

{¶ 8} Even if Johnson's motion were timely, we agree with the trial court that it would lack merit. Johnson was convicted after a jury trial, and the trial court was aware of

the facts underlying Johnson's convictions. We find no basis to conclude that an additional hearing would have been necessary for the court to determine whether, under those facts, Johnson's offenses were allied offenses of similar import. In addition, Johnson's motion was based upon *Johnson*, which was decided 18 years after his convictions. *Johnson* may not be applied retroactively to convictions that have become final. *Collins* at ¶ 10; *Ali v. State of Ohio*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6.

{¶ 9} Regardless of whether *Johnson* applies, Johnson's aggravated murder and attempted aggravated murder convictions involved separate victims. We have recognized that separate convictions and sentences are permitted when a defendant's conduct results in multiple victims. *See*, *e.g.*, *State v. Wills*, 2d Dist. Montgomery No. 25357, 2013-Ohio-4507, ¶ 37; *State v. Smith*, 2d Dist. Montgomery No. 24402, 2012-Ohio-734, ¶ 19. And even after *Johnson*, we have held that aggravated murder and aggravated robbery do not necessarily merge. *See State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 140.

{¶ 10} Johnson's assignment of error is overruled.

{¶ 11} The trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Carley J. Ingram
Derrick L. Johnson
Hon. Frances E. McGee