[Cite as *State v. Richie*, 2014-Ohio-1114.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                          :          C.A. CASE NO.   25681

v.                                               :          T.C. NO.   12CR3800

STEPHEN M. RICHIE                                :      (Criminal appeal from
                                                Common Pleas Court)
    Defendant-Appellant                         :

 

                                                 :

          . . . . . . . . . .

**O P I N I O N**

Rendered on the    21st    day of      March     , 2014.

          . . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KATE L. BOWLING, Atty. Reg. No. 0084442, 111 W. First Street, Suite 518, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

          . . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-Appellant, Stephen Richie, was charged by Bill of Information with one count of Burglary in violation of R. C. 2911.12(A)(2), a felony in the second degree. On February 8, 2013, Mr. Richie entered a plea of guilty to the charged offense. On

February 20, 2013 Mr. Richie was sentenced to two years imprisonment with jail time credit of sixty days, three years post-release control supervision, and he was ordered to pay court costs. On March 14, 2013, Mr. Richie timely filed the present appeal.

{¶ 2} On July 18, 2013, appointed counsel for Mr. Richie filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), arguing that there were no meritorious issues presented on appeal. By Magistrate's Order on July 19, 2013, this court advised Mr. Richie that his appointed counsel had filed an *Anders* brief and informed him of the significance of an *Anders* brief. Further, this court invited Mr. Richie to file a pro se brief within sixty (60) days of the Magistrate's Order to assign issues for review by this court. Mr. Richie filed multiple motions for extension of time but has ultimately failed to file a timely brief in response.

{¶ 3} Although Mr. Richie's appointed counsel asserts that there are no arguably meritorious issues raised on appeal, she identifies one potential assignment of error, to wit:

{¶ 4} "APPELLANT'S GUILTY PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY AS REQUIRED BY LAW."

{¶ 5} Guilty pleas must be knowingly, intelligently and voluntarily made so as not to violate the Constitutional rights of the accused. *See State v. Jabbaar,* 2013-Ohio-1655, 991 N.E.2d 290, ¶ 25 (8th Dist.), citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A trial court may show that a guilty plea was made knowingly, intelligently and voluntarily by complying with Crim. R. 11(C)(2). *See State v. Bailey,* 2d Dist. Clark No. 2103 CA 37, 2014-Ohio-639, ¶ 12, citing *State v. Fisher*, 2d Dist. Montgomery No. 23992, 2011–Ohio–629, ¶ 16.

{¶ 6}     Crim. R. 11(C)(2) provides:

{¶ 7}     In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 8}     This court has reviewed the plea and sentencing transcript, in addition to the Pre-Sentence Investigation, and concludes that the trial court scrupulously followed Crim. R. 11(C)(2) in its entirety. The trial court engaged Mr. Richie in a full and thorough colloquy prior to the acceptance of his guilty plea, including questions regarding his age, year in school, mental capacity and whether he understood the potential sentences he could

face. When Mr. Richie was asked directly if he was entering his plea voluntarily, he answered in the affirmative. Mr. Richie was thoroughly advised of all the rights he was waiving by virtue of his guilty plea and he indicated he understood each. There is no indication in the record that Mr. Richie's plea of guilty was anything but knowing, intelligent and voluntary, nor is there any indication that the trial court coerced his guilty plea in any way. Accordingly, we find that this potential assignment of error is without arguable merit.

{¶ 9}    Pursuant to our responsibilities under *Anders*, this court has conducted an independent review of the record and concludes that there are no arguably meritorious issues for appeal and that this appeal is entirely frivolous.

{¶ 10}    Accordingly, the Judgment of the trial court is Affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Kate L. Bowling
Stephen M. Richie
Hon. Dennis J. Adkins