[Cite as *State v. Jefferson*, 2014-Ohio-2555.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

     Plaintiff-Appellee            :           C.A. CASE NO.    26022

v.                               :           T.C. NO.    10CR812/2

LLOYD JEFFERSON                  :           (Criminal appeal from
                                             Common Pleas Court)

     Defendant-Appellant           :

                                 :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___13th___ day of ___June___, 2014.

· · · · · · · · · ·

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

MICHAEL HALLOCK JR., Atty. Reg. No. 0084630, P. O. Box 292017, Dayton, Ohio 45429      Attorney for Defendant-Appellant

· · · · · · · · · ·

FROELICH, P.J.

{¶ 1} Lloyd Jefferson appeals from the trial court's judgment overruling his motions for resentencing and to withdraw his guilty plea. For the following reasons, the

trial court's judgment will be affirmed.

{¶ 2} In November 2011, Jefferson was convicted on his guilty pleas to one count of aggravated burglary, two counts of aggravated robbery, three counts of kidnapping, and two counts of felonious assault. The charges related to his conduct against four adults and one child. In exchange for the pleas, an additional aggravated burglary count, three counts of aggravated robbery, two counts of kidnapping, three counts of felonious assault, and several firearm specifications were dismissed. The trial court sentenced Jefferson to an agreed sentence of a mandatory seven years in prison on each count, to be served concurrently with each other, but consecutive to prison terms imposed in another county and in federal court. Jefferson did not appeal his conviction.

{¶ 3} In September 2013, Jefferson filed a "motion for resentencing based on void judgment and motion to withdraw guilty plea guilty [sic] pursuant to Crim.R. 32.1 under *State v. Bowell* standard of presentencing review based on void judgment." Jefferson raised four issues in the motion for resentencing based on a void judgment: (1) the trial court failed to inform him that he could be required to perform community service should he fail to pay court costs, (2) the trial court failed to include a finding of guilt in its judgment entry, as required by Crim.R. 32(C), (3) the trial court failed to include (presumably in the judgment entry) a statement that Jefferson and his counsel were afforded an opportunity to speak in mitigation of punishment, and (4) the trial court failed to merge allied offenses of similar import. Jefferson's motion to withdraw his guilty plea was based on the trial court's failure to explain allied offenses of similar import to him before accepting his guilty pleas.

{¶ 4} On November 13, 2013, the trial court overruled Jefferson's motions. The court concluded that Jefferson's judgment entry was not void, but it scheduled a limited

resentencing hearing on the issue of court costs. With respect to Jefferson's claim that the trial court failed to merge allied offenses of similar import, the trial court ruled that the issue was barred by res judicata. The court also denied the motion to withdraw Jefferson's plea. The court stated that it had complied with Crim.R.11, that Jefferson had failed to provide an affidavit to support his claim that his offenses should have been merged, and that "nothing in the law requires the court to discuss during the plea whether the offenses are allied."

{¶ 5} Jefferson appeals from the denial of his motions, raising two assignments of error.

{¶ 6} Jefferson's first assignment of error states: "The trial court failed to merge defendant-appellant's * * * offenses prior to accepting his guilty plea." Jefferson argues that several of his offenses were allied offenses of similar import, and that the trial court should have determined whether these offenses merged prior to accepting his pleas. Jefferson further claims that res judicata does not bar this issue because the trial court's failure to merge his offenses constituted plain error.

{¶ 7} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction. *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 8} The failure to merge allied offenses does not render a judgment void, but

voidable. *See State v. Pound*, 2d Dist. Montgomery No. 24980, 2012-Ohio-3392, ¶ 14, citing *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 10. Consequently, challenges to the trial court's failure to merge allied offenses are barred by the doctrine of res judicata if they could have been, but were not, raised on direct appeal. *Id.*

{¶ 9} In 2011, Jefferson pled guilty to one count of aggravated burglary, two counts of aggravated robbery, three counts of kidnapping, and two counts of felonious assault, and the trial court issued a judgment entry sentencing him to an agreed seven years in prison on each count, to be served concurrently with each other and consecutively to sentences in other cases. Jefferson did not appeal that judgment, and it became final.

{¶ 10} Jefferson did not include an affidavit or any other evidence from outside the record to support his claim that the trial court should have merged his offenses. Rather, he appears to rely on the record before the court. Because Jefferson does not rely on evidence outside the record and he failed to raise the merger issue in a direct appeal, res judicata bars his claim that the trial court erred in failing to merge his offenses. *See State v. Johnson*, 2d Dist. Montgomery No. 25711, 2013-Ohio-4946, ¶ 7.

{¶ 11} Jefferson argues that res judicata should not apply because the trial court's failure to merge his offenses constitutes plain error. In order to constitute plain error, the error must be an obvious defect in the trial proceedings, and the error must have affected substantial rights. *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. Under the plain error doctrine, errors or defects affecting substantial rights may be noticed on appeal although they were not brought to the attention of the trial court. Crim.R. 52(B). The plain error doctrine does not extend the period during which a defendant may appeal

from the trial court's judgment. In fact, the "obvious" nature of such an error conflicts with Jefferson's assertion that an extension is or should be provided in such a circumstance.

{¶ 12} Even if we were to address the issue of merger, we would not find that Jefferson's arguments have merit. R.C. 2941.25, the allied offense statute, prohibits multiple punishments for the same offense. The Supreme Court of Ohio has stated that "for purposes of R.C. 2941.25, a 'conviction' consists of a guilty verdict and the imposition of a sentence." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 12. "In cases in which the imposition of multiple punishments is at issue, R.C. 2941.25(A)'s mandate that a defendant may be 'convicted' of only one allied offense is a protection against multiple *sentences* rather than multiple convictions." (Emphasis added.) *Id.* at ¶ 28. Thus, "a trial court is required to merge allied offenses of similar import *at sentencing,*" not when the defendant is found guilty or enters a plea. (Emphasis added.) *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27. Assuming arguendo that Jefferson's offenses were subject to merger, the trial court did not err in failing to merge his offenses prior to accepting his guilty pleas.

{¶ 13} In addition, based on the record before us, we cannot conclude that Jefferson's offenses should have been merged. The State represents that Jefferson's criminal behavior involved four adults and one child, and the record does not detail the facts underlying each offense. Jefferson acknowledges in his brief that "the record in this case lacks sufficient detail regarding merger of Jefferson's offenses." Accordingly, on this record, we cannot conclude that Jefferson's offenses should have been merged as allied offenses of similar import.

{¶ 14}    Jefferson's first assignment of error is overruled.

{¶ 15}    Jefferson's second assignment of error states: "The trial court failed to allow Jefferson to withdraw his plea upon failing to merge his offenses."

{¶ 16}    Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Because the trial court's 2011 judgment entry was final and potentially voidable, not void, we review Jefferson's motion to withdraw his plea as a post-sentence motion.

{¶ 17}    Withdrawal of a guilty plea after sentencing is permitted only in the most extraordinary cases.  *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).  A defendant who files a post-sentence motion to withdraw his guilty plea bears the burden of establishing manifest injustice.  Crim.R. 32.1; *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, ¶ 7, citing *Smith* at paragraph one of the syllabus.  "A manifest injustice has been defined by the Ohio Supreme Court as a 'clear or openly unjust act.'" *State v. Moore*, 2d Dist. Montgomery No. 24378, 2011-Ohio-4546, ¶ 9, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998).  Consideration of a Crim.R. 32.1 motion is addressed to the sound discretion of the trial court, which assesses the good faith, credibility and weight of the movant's assertion in support of the motion. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992); *Smith* at paragraph two of the syllabus.  Thus, an appellate court reviews the trial court's decision under an abuse of discretion standard.  *State v. Barnett*, 73 Ohio St.3d 244, 596 N.E.2d 1101 (1991).

{¶ 18} Jefferson claims that his plea was not knowing, intelligent, and voluntary, because he was informed of the maximum penalties for each of his offenses without regard to whether any of those offenses might merge as allied offenses of similar import.

{¶ 19} "A trial court may show that a guilty plea was made knowingly, intelligently and voluntarily by complying with Crim. R. 11(C)(2)." *State v. Richie*, 2d Dist. Montgomery No. 25681, 2014-Ohio-1114, ¶ 5. Of relevancy, Crim R. 11(C)(2)(a) provides that, in a felony case, the trial court shall not accept a plea of guilty or no contest without first addressing the defendant personally and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶ 20} In *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), the Ohio Supreme Court addressed the requirement of Crim.R. 11(C) that a defendant be informed of the "maximum penalty." In that case, the defendant pled to multiple offenses and the trial court informed him of the potential maximum sentence for each offense, but not that the sentences could be imposed consecutively or the total sentence that he faced. The supreme court found that the trial court's notification complied with Crim.R. 11(C), stating:

> [T]he term "the maximum penalty" which is required to be explained is also
> to be understood as referring to a single penalty. In the context of "the plea"
> to "the charge," the reasonable interpretation of the text is that "the maximum
> penalty" is for the single crime for which "the plea" is offered. It would
> seem to be beyond a reasonable interpretation to suggest that the rule refers

cumulatively to the total of all sentences received for all charges which a criminal defendant may answer in a single proceeding.

*Johnson* at 133.

{¶ 21} We find no obligation under Crim.R. 11(C)(2) for the trial court to determine, at a plea hearing, whether the offenses at issue are allied offenses of similar import and to notify the defendant of the cumulative maximum penalty after merger. As discussed above, the merger of allied offenses of similar import occurs at sentencing, and the defendant's guilty pleas (or the court's findings of guilt) remain intact.

{¶ 22} Furthermore, Jefferson has not demonstrated that he has suffered a manifest injustice as a result of the trial court's alleged failure to inform him of the maximum penalty upon merger of allied offenses (if any). At the beginning of the plea hearing, the parties agreed that Jefferson would receive a mandatory seven-year sentence on eight counts, to be served concurrently with each other, but consecutively to other cases for which Jefferson had approximately three years left to serve. The seven-year sentence was less than the maximum penalty for each of the offenses. In addition, in exchange for the pleas, an additional aggravated burglary count, three counts of aggravated robbery, two counts of kidnapping, three counts of felonious assault, and several firearm specifications were dismissed. Moreover, the offenses to which Jefferson pled involved multiple victims, and he has not established that any of them should have merged.

{¶ 23} Jefferson's second assignment of error is overruled.

{¶ 24} The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Michael Hallock Jr.
Hon. Mary Katherine Huffman